chancellor denying application for appointment of a receiver affirmed with costs.

*James Ridgway* v. *Henry Weeks et al.* J. RHOADES, for complainants; A. BOCKES, for defendant. Order referring it back to the master to review his report as to the appointment of a receiver, in this case; and directing him to appoint some other person receiver. Costs to abide the event of the suit. Decided in this case that in creditors suits, especially where there is no defence, except that the defendants are destitute of property, the master, in appointing a receiver, should give a preference to the person nominated by the complainant, the if person thus nominated is a suitable and proper person.

*Right of comp. to nominate receiver in a creditors suit.*

The chancellor *held* it to be an objection to the appointment of a person named as receiver that he was a judgment creditor of, and endorser for, some of the defendants.

*Erastus Corning et al* v. *Jared N. Stebbins.* J. RHOADES, for complainants; A. BOCKES, for defendant. In this case the chancellor decided that a creditor's bill may be filed at any time within ten years after the complainant has exhausted his remedy against the defendant's property by the return of an execution unsatisfied which has been issued to the proper county. And that there is no limitation in the statute, of the right of a judgment creditor in such cases, to apply to this court for relief; except the ten years which the statute has fixed as the time within which suits purely of equitable cognizance must be brought in courts of equity.

*Time within which a creditor's bill may be filed.*

The case of *Storms* v. *Ruggles* (1 *Clarke's Ch. Rep.* 148) to the contrary, overruled.

That after the expiration of ten years since the return of an execution unsatisfied, the complainant must issue a new execution to the county where the defendant resides, before he can file a creditors bill; where his right, founded upon the return of the first execution is barred by lapse of time, and the judgment still remain in force.

Motion to set aside order for appointment of receiver, to dissolve the injunction, and to take the amended bill off the files for irregularity, denied with costs.

*Susannah Kendall* v. *Thomas Kendall.* J. L. WHITE, for appellant; P. WARNER, for respondent. Decided that in a suit for

divorce on the ground of adultery if the wife obtains a decree for costs against her husband, she is not entitled to collect the whole amount of her taxable costs, if a sum has already been advanced to her, or her solicitor, or next friend, on account of such costs, *pendente lite.* Nor is the allowance to her for costs and expenses of the suit confined to the mere taxable costs of the suit as between party and party. But in litigated suits, where the wife is necessarily subjected to extra expenses and counsel fees, in addition to the taxable costs as between party and party, the whole amount which has been advanced to her *pendente lite* for costs and expenses should not be deducted from the ordinary bill of costs as between party and party to which she is entitled under the decree.

Costs in suits for divorce.— Whether advances made to the wife, pendente lite are to be deducted from the taxed bill.

That in such cases the husband should be allowed only for the balance of his advances, after deducting therefrom the necessary expenditures of the wife for counsel fees &c., which are not included in the ordinary taxed bill. And the decree, in such cases, should direct the taxing officer, upon the taxation of the costs of the wife under the decree, to allow to the husband the amount of his advances *pendente lite*, in diminution of the taxable costs, after deducting from such advances such reasonable expenses and counsel fees as had been paid by the wife and which are not included in the ordinary taxed bill. Or, the court itself should determine whether any, and if any, what allowance should be made for extra expenses and counsel fees beyond the taxable costs, and direct the residue of the advances which had been made by the husband to be deducted by the taxing officer upon the taxation of the costs under the decree.

Form of decree in divorce cases, as respects costs.

That, in ordinary cases, where the husband is the defendant in a suit for a divorce, and admits the allegations in the bill, either by answer or by allowing the bill to be taken as confessed against him, the ordinary taxable costs are sufficient to cover all the necessary expenses of the suit, except the extra expense which may be necessary to procure the attendance of witnesses before the master, in addition to the allowance made by law to the witnesses. And that is all that should be allowed in such cases, unless it is made to appear that something special had occurred in the cause to render the employment of counsel other than the solicitor in the cause necessary.

When no extra allowance will be made for costs.

Order appealed from, modified without costs to either party, as against the other.

*In the matter of Elizabeth M. Cregier et al, infants.* J. FUL-LER, for petitioner. Decided that where real estate descends to a daughter of the owner, who is a feme covert, and who dies in the lifetime of the mother to whom dower in the premises is subsequently assigned, the husband of such daughter is not entitled to an estate by the curtesy in the third of the premises whtch are thus assigned to the widow of his wife's father for dower ; even after the termination of the life estate of such widow in that third of the premises.

*Dower. When the maxim dos de dote peti non debet applics.*

The case of *Bear* v. *Snyder,* (11 *Wend. Rep.,* 532) to the contrary, overruled, it *seems.*

But that where the widow of the father has dower assigned to her in the whole of the land before the widow of the grandfather has been endowed—whether such assignment was voluntary or was obtained by suit against the son and heir—if the widow of the grandfather is subsequently endowed, the widow of the father, after the death of the widow whose claim was paramount, will be entitled to be restored to her dower in the whole premises ; in the same manner as if the title of her husband had been conveyed to him by the grandfather in his lifetime, instead of coming to him by descent subject to the immediate right of his mother to a life estate in one third thereof.

In a case where both widows are claiming dower in the same part of the estate, simultaneously, as against the infant heir, the grandmother is to be considered as first endowed of one third of the infant's share, which, by relation, defeats the seizin of the father from the time of the descent cast upon him, as to that third, and the mother of the infant is only entitled to one third of the other two thirds as her dower.

The master's report as to the value of the infants' interests in the farm sought to be sold in this case, amended ; and special guardian authorized to sell such interests ; the adult owners joining in the sale and consenting to bear their respective shares of the costs.

*William Snediker* v. *Thomas Pearson.* R. F. WINSLOW, for appellant. Order of the vice chancellor affirmed, so far as it