## SUPREME COURT.

NANCY HARRIS, by her next friend ALVA BABCOCK, agt. RALPH CLARK and others, executors of SIDNEY SMITH, deceased, LEVI HARRIS, JOSIAH C. CADY, an infant, and others.

The *special term* of this court has no power or jurisdiction to hear and decide a motion to *dismiss an appeal* taken to the general term, from an order made at special term.  Such motion can only be heard at general term.  (*Barnum* ·agt. *Seneca County Bank,* 6 *How. Pr. R.* 82.)  The general term, however, is an appellate court, and stands in the same relation to the special term as an appellate court does to courts of original jurisdiction.  (6 *John. R.* 334, 362, &c.)

The 348th section of the Code allows the *court,* or a *judge* thereof, *in his discretion, to stay proceedings pending an appeal without security.* (8 *How. Pr. R.* 49, 171, 173; 6 *id.* 367.)  And there is a manifest impropriety of one justice of the supreme court, sitting in special term, setting aside such an order made by another justice holding the same court.  It is made the duty of the court that grants such an order, staying proceedings, to decide the question of the expediency or propriety of granting it; and it must be presumed that the court has done its duty in making the proper investigation. Such orders are not appealable; and it was, probably intended, by the framers of the present system of practice, to leave the exercise of these discretionary powers somewhat under the arbitrary control of each judge who should be called upon to exercise them.

An order *staying proceedings* may be granted by the court, on application *ex parte,* without notice, and without service of any papers.  A justice *at chambers* is limited to a stay of *twenty days;* but this provision has no application to the *court.*

The *special* or *general terms* of the supreme court, in the *first judicial district,* have no jurisdiction to hear a motion in an action *triable in another district.* (See *Code,* § 401, *as amended in* 1852.)  And this provision is applicable to

Nancy Harris, &c., agt. Ralph Clark and others, &c.

an equity suit commenced in the late court of chancery, and brought into the supreme court, and transferred to a county other than the city and county of New-York, by force of the provisions of the 47th section of the judiciary act, 1847, (which is not repealed by the Code.) Or, what is equivalent, the court having determined that the suit be tried in a foreign county, and having heard it upon the pleadings and papers filed there, and made a final decree therein, the latter county must be regarded, for all purposes of motions in the suit, as the county where the action is triable

Where such an order is granted by the special term in the first district, although *void*, yet the party against whom it is made is entitled to have it vacated. (6 *Wend.* 465.) And where it appears that the party in favor of whom it is made probably presumed (being a court of general jurisdiction) that it was effective to stay proceedings, they will not be held in contempt (where otherwise they would) for not complying with the former proceedings, which such an order was intended to stay.

Where the defendants, on the 30th Sept., 1854, severally appealed to the general term from an order appointing a receiver, and for an accounting, made on the 24th of August previous, at a special term in the 6th district, where the action was held to be triable, by serving notices of appeal, and also by serving an order made *ex parte*, on the said 30th Sept., at special term in *New-York*, staying all proceedings until the decision on said appeals. And on the 27th Oct., prior to the general term in New-York, where said appeals had been noticed for argument, an order was made by a justice of the 6th district, staying all proceedings on said appeals for twenty days, and until the decision of a motion, to be made before him on the 9th Nov. following, for an order staying proceedings until the decision of a motion to be made to dismiss the appeals; and also a notice of motion for an order staying proceedings, to be made before him on said 9th Nov.—said order, with affidavits and papers for these motions, being served on the defendants prior to the general term,

*Held*, that an order made on the 6th Nov., by the general term in *New-York*, staying proceedings until the hearing and decision of the appeals in the 6th district, was a *nullity*—for the reason that the general term had no *jurisdiction*; and it was *irregularly* granted, in violation of the order of the justice made in the 6th district, staying all proceedings upon the appeals, until the decision of a motion to be made to dismiss the appeals.

The order of a judge, staying proceedings, cannot be treated as a nullity on the ground that it was improvidently granted, or improperly or fraudulently obtained. (4 *Hill*, 554; 5 *id.* 568.)

And an order made, although in *violation* of one of the standing rules of court, cannot be disregarded so long as it remains. (3 *Paige*, 166.)

And an *ex parte* order, although irregularly obtained, cannot be treated as a nullity by the adverse party. (6 *Paige*, 371; 2 *Wend.* 625.)

*Chenango Special Term, Nov.* 28, 1854.

MOTIONS to set aside appeals, and an order at special term;

Nancy Harris, &c., agt. Ralph Clark and others, &c.

and also an order made at general term in New-York; and for attachments.

In 1845, the plaintiff filed her bill before the chancellor, in this case, praying that the will of Sidney Smith, deceased, be declared void; and that it be also decreed that his real estate descended to his heirs at law, and that the assets be distributed to his next of kin.

This court, at general term, declared said will utterly void as to both the real and personal estate, and decreed that the real estate descended to the heirs at law; that the defendant, Levi Harris, had a life estate, as tenant by curtesy, in said real estate, and that the personal estate be distributed among the next of kin. (*See this case reported*, 3 *Selden*, 252.)

A reference was ordered, and a final decree thereon entered; and an appeal was had to the court of appeals, and the decree of the supreme court affirmed.

By a provision of the decree of the supreme court, any of the parties were at liberty to apply, on the foot of said decree, for further direction of the court; and under which provision the defendants', executors, petitioned this court, at special term, for leave to sell certain real estate in Brooklyn, stating therein a claim made by the defendant, Levi Harris, against said executors, amounting to upwards of $48,000.

By order dated Feb. 28, 1853, made in Broome county, at special term, said petition was granted, on notice to all the parties, no one appearing to oppose, and the decree of the supreme court, before made in this cause, was thereby modified.

Afterwards, at a special term, held on the first Monday of October, 1853, a petition was presented by the plaintiff, and the defendant, Levi Harris, on due notice to all the parties, and, without objections from any of the parties, an order then made, modified the decree in this case, fixing the interest of the several parties.

Afterwards, at the general term, held in Chenango in January, 1854, the defendants, executors, petitioned that said order, made at special term, might be adopted at said general term. The said motion, at general term, was, on notice to all the par-

ties; and the supreme court, at general term, adopted the order made at the special term, adjusting the rights of the parties. There had been a previous accounting before the master, and the original decree was modified, so that $30,000 was to be paid to the plaintiff, and also to the infant defendant, Cady; and the defendant, Levi Harris, was to receive the residue of the estate. The said defendant, Levi Harris, moved this court, at special term, in Tompkins county, on the 24th of August last, that a receiver be appointed of the property in the hands of said executors, and for an accounting. The court, on said 24th of August, made an order appointing a receiver, and directing an accounting before William N. Mason, Esq., special county judge of Chenango county, as referee. Said referee summoned the defendants, the executors, to attend on the accounting before him on the 3d of October, 1854, which summons was served on the 13th of September previous thereto. Said defendants, executors, neglected to appear before the referee on the return day of said summons. On the 30th of September, said executors, and the guardian of the defendant, Josiah C. Cady, severally appealed to the general term from said order of the 24th of August, directing the appointment of a receiver, and an accounting, by serving notices of appeal, and also by serving an order, made *ex parte* on said 30th of September, *at special term in New-York, Justice* CLERKE *presiding;* which order directed a stay of all proceedings until the hearing and decision of said appeals; and said executors and said guardian served notices of argument of said appeals, to be had at the general term in the city of New-York, on the 6th day of November then following.

On the 27th day of October, prior to said November general term, Justice MASON made an order staying all proceedings on said appeal to the general term for twenty days, and until the decision of a motion to be made before him on the 9th of November following, for an order staying proceedings until the decision of these motions. Said order of Justice MASON of the 27th of October, with affidavits and papers, were served for these motions, and also a notice of motion for an order staying

NEW-YORK PRACTICE REPORTS. 419

Nancy Harris, &c., agt. Ralph Clark and others, &c.

proceedings to be made before said justice at his chambers at Hamilton, in Madison county, on the 9th day of November, 1854; when Justice MASON made a peremptory order, staying all proceedings until the decision of. a motion to set aside the said appeals.

The defendants, the executors, moved on said appeals for argument, at the general term held in New-York on the 6th day of November, 1854, when the defendant, Levi Harris, by his counsel, claimed, among other objections, that the general term in New-York were prohibited by the Code from hearing said appeals, and the general term, after hearing arguments of counsel, " ordered that the hearing of said appeals be, for the present, postponed; and that the said appeals be heard in the sixth judicial district, before some general term to be held in and for said district;" "and further, ordered that all proceedings upon or under the said order of the 24th of August last, which is so appealed from as aforesaid, be, and the same are hereby stayed, until the hearing and decision of the said appeals."

The grounds of these motions, to set aside said appeals, and to set aside said orders made at special and at general term in New-York, and for attachments against the defendants, the executors, further appear in the opinion of the court.

HENRY R. MYGATT, *for defendant, Levi Harris.*
PHILO GRIDLEY, *for defendants, executors.*
AUGUSTUS SCHELL, *for guardian of Cady.*
BENJAMIN F. REXFORD, *for plaintiff.*
SAMUEL S. BOWNE, *for guardian of Lucy Harris.*

MASON, Justice. As to the motion to dismiss appeal from the order made at the Ithaca special term on the 24th of August, 1854, I am entirely satisfied, after a careful examination of the question, that the motion must be denied, without considering the merits of the motion, for the reason that this motion should be made at the general term, and cannot with any propriety be heard at special term—conceding that the special

term has jurisdiction to entertain such a motion, which I am well satisfied the special term does not possess. I have not been able to find any decision holding that an inferior tribunal possesses the power to dismiss an appeal taken from its own order or judgment, and I venture to say no such case can be found in the books. Such power, possessed by the special term, would be subversive of the jurisdiction of the general term; for, if the exercise of such power was allowed by the special term, a party might always be deprived of the right of appeal by the successive erroneous decisions of the tribunal whose judgment he is seeking to review.

This question was fully considered by the late Justice SILL, in the case of *Barnum* agt. *The Seneca County Bank*, (6 *How. Pr. R.* 82,) where a motion was made before him, sitting at special term, to dismiss an appeal, taken to the general term, from an order made in the circuit court, in which he came to the conclusion that such a motion could not be heard at special term, but must be heard at general term. The case is well considered, and is an authority in point against the present motion to dismiss the appeal from the order of the 24th of August, 1854. This is the only reported case which I have been able to find under the present system. The general term, however, is an appellate court, and stands in the same relation to the special term as an appellate court does to courts of original jurisdiction. The case of *Yates* agt. *The People*, (6 *Johns. R.* 334, 362, 363, 364, 366, 367, 368,) is an authority against the power of the special term hearing such a motion.

This motion to dismiss the appeal is therefore denied, but without prejudice to any application which may be made at the general term to dismiss this appeal.

The next question which I propose to consider, is the motion to set aside the order of the special term in New-York, made on the 30th day of September last, staying all proceedings under the order of the 24th of August, 1854, until the hearing of the appeal from the said order. It is insisted that this order staying proceedings should be set aside, because the same was

improvidently granted, without requiring any undertaking on the appeal.

The answer to this objection is, that the 348th section of the Code allows the court, or a judge thereof, in his discretion, to stay proceedings, pending the appeal, without security. (8 *How. Pr. R.* 49 ; 8 *id.* 171, 173 ; 6 *id.* 367.) And there is a manifest impropriety of one justice of the supreme court, sitting in special term, setting aside such an order, made by another justice holding the same court. It is made the duty of the court that grants such an order to stay proceedings, to decide the question of the expediency or propriety of granting the order; and we must presume that the court has done its duty in making the proper investigation ; and, as we have said, there is a most manifest impropriety of one special term, sitting in another district, and held by another justice, setting aside an order of another special term, solely upon the ground that the discretion vested in the court by the statute has been unwisely exercised ; and, indeed, I very much doubt the right to interfere in such a case. Such orders, resting in discretion, are not appealable ; and I am inclined to think that the framers of our present system of practice, intended to leave the exercise of these discretionary powers somewhat under the arbitrary control of each judge who should be called upon to exercise these powers.

This was so under our former system of practice ; and, as it is made the duty of the judge to decide this question of expediency, in the exercise of a discretionary power conferred upon him, it would be clearly improper for another justice to reverse his decision, and set aside his order, because he should be of opinion that the exercise of this power had not been wisely administered by such judge.

*Secondly.* It is objected, that this order staying proceedings is invalid, and should be set aside, because it was granted *ex parte*, without notice. There is no doubt of the power of the court to grant such an order staying proceedings, on the *ex parte* application of the party.

The power of a justice of the court at chambers is limited to

a stay of twenty days in all these *ex parte* orders, staying proceedings; but this provision has no application to the court.

*Thirdly.* It is claimed that this order is invalid, because no papers have been served with the order on which the same was founded. The answer to this objection is, that the practice does not require the papers, on. which such an order is founded, to be served.

The 405th section of the Code, requiring the affidavit, or a copy thereof, to be served with the order, has no application to an order staying proceedings. It only applies to orders enlarging the time within which proceedings in the action must be had. .

*Fourthly.* It is claimed, and insisted, that this order of the special term, staying proceedings, is invalid, and should be set aside; because the special term in the first judicial district had no jurisdiction to entertain such a motion in this suit, and grant such an order. This objection involves a question of jurisdiction, which we cannot, if we would, avoid considering.

This suit is one purely of equitable jurisdiction. It was commenced in 1845, by bill filed before the chancellor, in the late court of chancery; and, while the suit was pending in that court, it had no venue or local place of trial. It was transferred, by the constitution, into the present supreme court, and its situation remained the same. This was the situation of all suits in equity pending on the first Monday of July, 1847, when the present court took the place and jurisdiction of the old courts.

The legislature, to avoid this difficulty, provided for the case by the 47th section of the judiciary act, by declaring that such suits in equity shall be tried in the county where the court shall direct. (*Laws of* 1847, *p.* 333, § 47.)

It appears, by the papers before me on this motion, that the papers in this suit were, by order, duly transferred to the clerk's office of the county of Chenango, from the office of the clerk of the court of appeals; and that, in January term, 1851, the cause was brought to trial in the county of Chenango, and a final decree made therein—a decretal order and a reference therein having been previously made at the November term,

1848. That appeal was taken from the final decree to the court of appeals, and the decree of the supreme court was affirmed on such appeal. It does not appear that there has been any formal order made in the cause, that the same be tried in the county of Chenango; but it seems to me, that as the papers in the suit have been transferred by the order of the court from the clerk's office of the court of appeals to the clerk's office of the county of Chenango, and the cause was brought to trial, and a final decree made therein, in the county of Chenango, that this must be regarded, to all intents and purposes, as equivalent to an order that the cause be tried in that county. The court could not very well hear the cause and make a final decree therein in that county, without, in effect, virtually determining that the cause be heard in that county.

The Code has not repealed this 47th section of the judiciary act. There is no provision in the Code, fixing and determining a place of trial for these old equity suits, which were pending in the court of chancery on the first Monday of July, 1847. Nor is there any provision in the Code by which the court is authorized to designate the county in which they shall be brought to trial.

The 468th section of the Code repeals all statutory provisions inconsistent with that act.

This 47th section of the judiciary act, however, is not inconsistent with any provision of the Code; and, by the express provision in § 469 of the Code, the former practice, when consistent with the provisions of the Code, is continued.

The court having determined that this suit be tried in Chenango, and having heard it, and made a final decree therein, I think, for all the purposes of motions in the suit, we must regard that as the county in which the action is triable.

Now, by the amendment of 1852 to the 401st section of the Code, it is expressly declared, that "*no motion can be made in the first district, in actions triable elsewhere.*"

This amendment of section 401 was made, I have no doubt, to relieve the justices of that district from all motions in ac-

tions which were not triable before them; and as to those actions, the motions in them must be made in the first district.

The section also declares, that motions must be made in the district in which the action is triable. This action being triable, as we have seen, in the sixth judicial district, all motions in the suit are, by the express requirements of § 401, to be made within that district, or in a county adjoining that in which the action is triable. There is also an express negative upon the power of the courts in the first district, to entertain motions in actions triable in any other county than the city and county of New-York. The language of the statute is, "*no motion can be made in the first district, in actions triable elsewhere.*"

This is a prohibition upon the courts of the first district, from hearing motions in suits triable elsewhere. It is an express limitation of their powers to hear motions, confining their jurisdiction to suits triable in that district. It cannot be seriously contended, that this suit can be said to be triable in the first district, after the pleadings and papers in the suit have all been transferred to the county of Chenango, and the cause has been tried in that county, and a final decree made therein; and that, too, under a statute which authorized the court to direct the county in which it should be tried.

If I am correct in the conclusions arrived at, it follows that Justice CLERKE, holding a special term in the first district, had no jurisdiction to entertain any motion in this suit, and consequently his order staying proceedings is void, and must be set aside. (6 *Paige R.* 371; 5 *Hill R.* 568; 4 *How. Pr. R.* 430.)

Although void, the plaintiff is entitled to have it vacated. (*Striker* agt. *Mott*, 6 *Wend. R.* 465.)

It was said by the counsel for the defendants, (executors,) on the argument of this motion, that by § 401 of the Code, a justice of the supreme court could make a chamber order staying these proceedings, and that any justice in the state could make such order; and that it was no objection that the order was made by Justice CLERKE, sitting in special term.

There is no doubt that any justice of the supreme court at chambers could make such an order, staying proceedings, on

notice given to the adverse party. It does not follow, how ever, that a special term can make such an order in any part of the state. The powers of a special term are distinct, and so are the powers of a justice of the supreme court at chambers.

The answer to this argument is, that the order made by Justice CLERKE, in special term, was an order of the court. He did not assume to make a chambers' order; and his order made at special term, purporting upon its face to be an order of the court, can derive no support from the fact that the judge holding the court could have made a valid chamber order out of court, staying these proceedings. It is sufficient to say, that it will be time enough to consider the validity of such an order, made at chambers, when it shall be made. It could not be made *ex parte* for a longer period than twenty days.

But, as to the motion for an attachment against the defend-- ants, Ralph Clark and Eneas P. Clark, as for a contempt in not obeying the order of August 24, 1854, and the summons of the referee under that order, I am of opinion that the same should be denied, for the reason that the said defendants omitted to comply with that order and summons, I presume, under the impression that the order made by Justice CLERKE in special term, was effective to stay proceedings upon that order. At any rate, it is but charitable to presume that they regarded that order as relieving them from the duty of complying with the order of August 24th. And as this was an order of a court of general jurisdiction, they might well presume that the court had authority to make such an order.

The order made in general term, in the first judicial district, on the 6th day of November last, staying all proceedings upon and under said order of August 24th, until the decision of the appeal from said order, is, for the reasons above stated, also void, and must be set aside for the same reasons assigned against the order made at special term in that district.

This order of the general term must be set aside for another reason : it was irregularly obtained and granted, in violation of the order of Justice MASON, staying all proceedings upon

the appeal from the said order of August 24th, until the decision of a motion to be made to dismiss said appeal.

This order of Justice Mason was made upon the proper affidavits and motion papers, accompanied with a notice of motion to dismiss the appeal; and there can be no doubt but a chamber order, granted by any justice of the supreme court, was effectual to stay the proceedings on the appeal, until the decision of the motion to dismiss the appeal.

A *nisi* order was granted, peremptorily staying the proceedings to a given day, which was not more than twenty days, and requiring the defendants, the executors, to show cause before him, on that day, why the said order should not be continued, staying the proceedings, till the decision of the motion: and on the day for showing cause, the order was made, peremptory, staying the proceedings until the decision of the motion.

This first order was duly served upon the defendants' attorney, requiring the defendants to show cause; and, upon the day for showing cause, the defendants appeared, and showed, for cause, a protest against the jurisdiction of Justice Mason to grant an order staying proceedings on said appeal. I have not been able to discover any defect or want of jurisdiction in a justice of the supreme court to stay proceedings on appeal from an order in that court, until the decision of the motion to be made to dismiss the appeal; and, as no ground of objection to his jurisdiction to make such order was stated, I presume none could be raised. It certainly is no objection to his jurisdiction to grant that order, that the notice of motion upon which the order was granted, was for a special term of the supreme court, instead of a general term. If it be conceded that the special term had no jurisdiction to make an order dismissing the appeal, that would not, in any manner, render the order staying proceedings upon the motion papers invalid. It might be a good cause for an application to set aside the order, but it certainly could not affect the validity of the order itself.

The order of a judge staying proceedings, cannot be treated as a nullity on the ground that it was improvidently granted, or improperly or fraudulently obtained from him. (4 *Hill R.*

554; 5 *id.* 568.) And an order made, although in violation of one of the standing rules of court, cannot be disregarded so long as it remains. (3 *Paige*, 166.) And an *ex parte* order, although irregularly obtained, cannot be treated as a nullity by the adverse party, (6 *Paige,* 371;) and until the vacatur of an order staying proceedings in the cause, it was irregular, to say the least, to proceed in the cause. (2 *W. R.* 625.) And the consent or leave of the court, allowing the party to disregard the order and proceed in the cause, does not cure the irregularity. (2 *W. R.* 625. *See p.* 626.) The defendants having moved on their appeal, and obtained this order in direct violation of the order staying proceedings, the plaintiff is entitled, as a matter of right, to have the same set aside as irregularly granted, without inquiring as to the merits of the matter at all.

As to the motion for an order that an attachment issue against Ralph Clark and Eneas P. Clark, for a contempt in disobeying the order of Justice MASON, staying proceedings on the said appeal, I am of opinion that the motion should be denied, for the reason that it does not appear that they ever directed their attorney, Treadwell, to proceed and bring on the said appeal. They certainly cannot be presumed to have directed their attorney to disregard said order, nor can we presume that any illegal act of their attorney, in conducting the suit, has their sanction, unless it be expressly proved that they approbated or directed it. In a proceeding against them, as for a contempt, they are entitled to the presumption of innocence in their favor, and the party must prove them guilty.

The order to be entered in this cause will be, that the motion to dismiss the appeal is denied, without costs and without prejudice. That the motion to set aside the order of the special term, staying proceedings on the order of August 24th, 1854, is granted, without costs. That the motion to set aside the order of the general term of the 6th of November, to the same effect, is granted, with $10 costs of the motion.