## REYNOLDS *a*. DAVIS.

*New York Superior Court; In Chambers, October*, 1855.

NOTICE OF TRIAL IN ACTIONS COMMENCED BEFORE THE CODE.

Actions commenced, and at issue before the Code took effect, may be noticed for trial by the defendant, as well as by the plaintiff.

Motion that cause be set down for trial.

This action was put at issue some years before the Code took effect. It having been tried, and a new trial ordered, the *defendants* noticed it for trial for the present October Term of this court, and placed it on the calendar. When it was reached, and called in its place on the calendar, the plaintiffs objected, that the defendants had no right to notice it, it having been put at issue before the Code. They insisted that the only remedy of the defendants, in case the plaintiffs have neglected to bring the action to trial according to the course and practice of the court, is to move for judgment, as in case of nonsuit, or for an order dismissing the complaint. The action was reserved generally, in order that the question might be formally presented at Chambers.

The defendants now move, that the cause may be set down to be tried, on some day to be designated by the court. This is resisted by the plaintiffs, on the ground that the defendants have no right to notice it.

*Livingston K. Miller*, for defendants.

*J. Larocque*, for plaintiffs.

BOSWORTH, J.—The determination of the question presented, depends upon the construction that is to be given to § 459 of the Code. So much of it as needs to be considered, is in these words:

" § 459. The provisions of this act apply to future proceedings in actions or suits heretofore commenced, and now pending, as follows:

1. If there have been no pleading therein, to the pleadings and all subsequent proceedings.

2. When there is an issue of law or of fact, or any other question of fact to be tried, to the trial and all subsequent proceedings."

It is conceded, that if the action had been commenced before the Code, but no pleading had been had until after the Code took effect, § 459 of the Code (as it now reads) would give to the defendant a right to notice the action for trial. That, any defendant may do, in any action commenced since the Code took effect. (§ 255).

If it was the intent to allow a defendant to notice for trial all actions commenced before the Code, provided there had been no pleading in them before the Code took effect, it is difficult to understand why that privilege should be denied, merely because the action had been put at issue, unless the language of § 459 is so clear as to admit of no doubt.

I think the fair meaning of the section is this : If there had been no pleading in the action, not only were the pleadings to be in the form prescribed by the Code, but the practice throughout the action, in every stage of it to its termination, was to be such as the Code has enacted.

If pleading had commenced, that was to be completed according to the rules of the system under which it was commenced. When the cause should be put at issue, the next thing in the order of proceeding, would be its trial.

If at issue when the Code took effect, it intended that all subsequent proceedings in the action should be such as the Code has prescribed. The phrase, that the provisions of the act should apply " to the trial, and all subsequent proceedings," includes as well the giving notice of trial, the serving it, and the filing a note of issue, as the actual trial after a jury has been called and sworn.

The title of the Code which contains all the provisions regulating the mode of trial, whether by the court, before a jury, or by referees, and all subsequent proceedings to, and including the entry of judgment, is entitled, " Of the Trial and Judgment in Civil Actions." (*Code, Title* VIII).

The second chapter of this title, which is entitled, " Issues

and the Mode of Trial," provides, that the action may be noticed by either party. (§ 206).

It is obvious, that the words, "the trial," if used in § 459 in the sense in which they are employed in other parts of the Code, include as well the proceedings necessary to be taken to give the right to try, as any proceeding that may be taken on the actual trial.

The defendants had a right to notice the action, and unless the counsel agree upon a day for the trial of it, the court will designate one in the order to be entered.