## SUPREME COURT.

### HENRY MILLER agt. STEPHEN ROSSMAN.

Where an execution has been returned unsatisfied within five years from the entry of judgment, an order under § 292 of the Code in proceedings supplementary to execution, may be issued, *after* five years from the entry of judgment.

The doctrine of the case of *Currie* agt. *Noyes*, (1 *Code R., N. S.* 198,) which holds adversely, ought not to be extended beyond its own peculiar circumstances. If carried out to its legitimate results, it would debar a judgment creditor from ever instituting such proceedings on a judgment of over five years' standing.

Because, an execution may be issued by leave of the court after five years from the entry of judgment; but there is no provision for applying to the court for leave to issue an order in proceedings supplementary to execution. The *court*, as such, is not authorized to entertain these proceedings at all. The order must be made only by a *judge* of the court or a county judge.

*Albany Special Term, June,* 1857.

MOTION to set aside proceedings supplementary to execution.

The judgment in this action was recovered on the 28th day of May, 1851. On the 18th of May, 1853, an execution was issued thereon to the sheriff of Columbia, the defendant being a resident of that county. The execution was returned unsatisfied. On the 20th of November, 1854, the defendant removed to the state of Michigan, where he remained until the 30th of May, 1857, when he returned to Columbia county.

On the first day of June, 1857, the plaintiff obtained from the county judge of Columbia, an order for the defendant to appear and answer concerning his property, pursuant to the 292d section of the Code, which order was served on the 3d of June. These proceedings are still pending. The defendant moved to set aside the order of the county judge and all subsequent proceedings, on the ground that more than five years had elapsed since the recovery of the judgment.

JOHN M. WELCH, *for plaintiff.*

H. B. WHITBECK, *for defendant.*

Miller agt Rossman.

HARRIS, Justice. I was at first inclined to grant this motion upon the authority of *Currie* agt. *Noyes.*. (1 *Code R., N. S.* 198.) But, upon more consideration, I am satisfied that the doctrine of that case ought not to be extended beyond its own peculiar circumstances.

Before the adoption of the Code, a creditor's bill might be filed at any time within ten years after an execution had been returned unsatisfied. (*Corning* agt. *Stebbins*, 1 *Barb. Ch.* 589.) The 292d section of the Code, declares that when an execution has been returned unsatisfied, the creditor, *at any time after such return made*, shall be entitled to an order for the examination of the debtor. There is no limitation or restriction, at least in terms, upon this right. On the contrary, the legislature had just before declared in the most positive and unrestricted terms, in respect to an execution, that after the lapse of five years from the entry of the judgment, it could only be issued by leave of the court. It was thought best, before allowing the property of a defendant to be seized upon an execution issued upon a stale judgment, to give him an opportunity to be heard. The same reason does not apply to supplementary proceedings.

The doctrine of *Currie* agt. *Noyes*, if carried out to its legitimate results, would debar the creditor altogether from the right to institute supplementary proceedings upon a judgment of more than five years' standing. An execution may be issued after five years, upon obtaining leave of the court. But there is no provision for obtaining leave to institute supplementary proceedings. The court, as such, is not authorized to entertain the proceedings at all. The order is to be made, not by the court, but by a judge of the court or a county judge.

Suppose this motion were to be granted, and the plaintiff were to obtain leave to issue a new execution, as he has done at the present term, the defendant would have the same ground for setting aside the supplementary proceedings which might be commenced upon the return of the new execution unsatisfied, that he has upon this motion. For he does not move now

upon the ground that more than five years have elapsed since the issuing of execution in this cause. This he could not do, for the execution was issued in 1853. He relies solely upon the fact that it is more than five years since the judgment was recovered. In a case where the judgment was not only of five years' standing, but the execution had also been returned more than five years, I might feel constrained to follow the authority of *Currie* agt. *Noyes*, but even then it would be with some hesitation.

The counsel for the defendant seemed to think that the doctrine of *Currie* agt. *Noyes*, had been sanctioned in *Swift* agt. *Flanagan*. (12 *How*. 438.) But this is not so. The question before the court in that case was, whether, when an execution had been issued and returned unsatisfied within five years after the recovery of the judgment, another execution might afterwards be issued without obtaining leave from the court. Some judges had thought that this might be done. The case of *Currie* agt. *Noyes*, was cited to show that the court which decided that case thought otherwise. It was only pertinent for that purpose. The question now under discussion was in no way involved in that case. The motion must be denied, but I think it should be without costs.