By the Court, Robertson, Ch. J.
The contempt of court, with which the appellants are charged in the order appealed from, consists of procuring by deceit, from one of the justices of this court, an order vacating a prior order made by him, on a supplementary proceeding (under section 294 of the Code of Procedure,) after judgment and execution in an action against them by the relator (Satterlee) forbidding a debtor of the appellants (a bank) to pay over money deposited by them with it; and also of having, under color of that order, by “ deceit and abuse 'of the process and proceedings of the court,” required such debtor of theirs to pay them the money so deposited. As a punishment for such contempt, such order commanded the appellants to pay to the original plaintiff in the action against them, by whom' such proceedings for a contempt was prosecuted, the sum so paid by their debtor, ($2573,) and imposed a fine of $500 to cover the costs and expenses of the plaintiff in the original action in such proceedings for contempt.
The order so appealed from is plainly a proceeding under that section of the Revised Statutes which provides for the “ enforcement of civil remedies,” (vol. 2, 534, § 1,) only; and the case, in which it is- made, was considered as being one of the second class therein mentioned. That section provides, that in certain enumerated cases a court of record may punish by fine and imprisonment, or either, misconduct which may prejudice a party’s rights or remedies in a matter depending therein. The second class of cases so enumerated is “ putting in fictitious bail or sureties, or any deoejt or abuse of the process or proceedings of the court,” by parties to suits,” It is, perhaps, a little doubtful how far a party to supplementary proceedings may be considered as coming within the description of “ parties to a suit,” or whether a mere order obtained either by false represeututifW or under a fraudulent suppression, of a fact *500 may be called either “ a deceit ” or an “ abuse of the process or proceedings” of the court. The deceit intended by the statute would seem to be some act analogous-to that of personating bail, which is the offense specially described in connection with it, or some forgery or crimen falsi. To punish quasi criminally for every supposed false suggestion made to the court, would lead to as many abuses as . benefits, if not more or greater; and could hardly have been intended by the legislature, without a more explicit expression’ of such intention. ISTor can it more strictly come within the description of an “ abuse of process or proceedings,” which implies merely an improper use of what otherwise would be regular and proper.
But assuming that the act complained of in this case, although erroneously described, is one for which the parties or privies to it may be punished as for a contempt, the next question then arises, whether the plaintiff in the original action was prejudiced by it, without which, he cannot take any steps. The previous order, granted by another justice in-the original action staying proceedings therein, and the order modifying it, granted by the justice who made the orders on the supplementary proceeding, which permitted such proceeding to be taken, were both made in the original action. How far a court, after judgment, can ever, by mere order, stay the right of a party to take such proceeding, where he has put himself in a position to do so, is somewhat questionable, (Lowber v. Mayor, &c. of New York, 5 Abb. 261; 7 id. 248,) as it is an independent proceeding in the nature of a new action, (at l'éast for most purposes,) and would seem to require a hew action for the purpose, and an injunction order therein, prohibiting the taking such proceeding.
At all events, however, unless the- order vacating the prior order enjoining the debtor of the appellant from paying to them the money held on deposit was valid and *501 permitted such payment, the order appealed from was erroneous; because no injury was done thereby to the rights of the plaintiff.
The' powers, the mode of exercising them, and' the capacity in which a judge of a court, in which a judgment has been obtained, acts in a proceeding supplementary to execution seem to be yet unsettled or not generally known. They are, to a certain extent, a more summary mode of exercising the same jurisdiction, exercised formerly .by a creditor’s bill in equity, combining a discovery of assets applicable to the payment of a judgment and .their application for the purpose, either by a subjection to execution, or a specific appropriation of them. Such a proceeding, however, is considered as entirely detached from.the original action, except in case of a stay of proceedings therein, (Cowdrey v. Carpenter, 17 Abb. 107,) which also suspends action upon such supplementary proceeding, and is so original and independent in its character, that jurisdiction over the party to be affected by it, must be acquired, by establishing by prima facie evidence, under oath, to the satisfaction of the officer applied to, the existence or occurrence of those facts which alone authorize such a proceeding against the party to be affected by it. So that it has been held, that a misdescription of the judgment sought to be satisfied, in the least degree, in the affidavit on which the order was .issued, is available in any stage of the proceedings, as an objection to the jurisdiction, not to be cured by amendment or waived by the parties; and the whole proceeding is so entirely coram non judice, that no proceedings for a contempt can be taken for disobeying an order founded upon such an erroneous affidavit. . (Kennedy v. Weed, 10 Abb. 62.) The acquisition of jurisdiction, indeed, by proper means, is considered so indispensable that even a voluntary appearance by the party proceeded against, and his submission to examination is held not to *502 confer it, (Sachet v. Newton, 10 How. 561,) even a judge of the court in which the judgment was obtained exercises such jurisdiction not as a court but an officer. (Miller v. Rossman, 15 How. Pr. 10. Bitting v. Vandenbergh, 17 id. 80.) But when once acquired, such jurisdiction remains until the proceeding is completely terminated. (Webber v. Hobbie, 13 How. 383.) A voluntary omission by the prosecuting party to attend on any day to which it is adjourned, operates as an abandonment of it. (Squire v. Young, 1 Bosw. 690.) Any omission to adjourn from day to day suspends, ‘if it does not destroy the jurisdiction, which can only be .revived by the reappearance voluntarily of the party proceeded against, to submit to an examination under it. (Ammidon v. Wolcott, 15 Abb. 314.) To' make, therefore, any action of the court or officer valid in such case, it must be had at some time either to which the proceeding has been adjourned, or when both parties are present, assenting to the exercise of jurisdiction when it is resumed; and possibly when both parties have notice of the time and place of proceeding, when the jurisdiction has not been lost by a voluntary abandonment of the proceeding.
In this case, the proceeding seems to have been taken ■ against the debtor of the appellants alone, (under the 294th section of the Code;) which, of course, might be conducted without notice to the latter, (Sherwood v. Buffalo N. Y. City R. R. Co., 12 How. 138; Foster v. Prime, 18 id. 258; S. C. 8 Abb. 407,) and without any concurrent order against the judgment debtor under section 292; (Id. and see 15 Abb. 410, 406.) Consequently, the appellants were no parties to such proceeding, and not even entitled to appear therein by counsel. (Corning v. Tooker, 5 How. 16. See 2 Abb. Pr. 163.) The order complained of, which vacated the original injunction order against the debtor of the appellants, which last was properly granted, (Seeley v. Garrison, 10 Abb. 460,) was obtained ex parte, not in *503 the presence of the judgment creditor, nor at any time to which such proceeding stood adjourned; nor does it recite that it was so obtained. The counsel' of the appellants and not of their debtor obtained it, and apparently not under any authority from the latter. I cannot, therefore, find any authority for treating such order as having been effectual to vacate the prior order for the examination of such debtor, any more than if it had been obtained by a third person in whose favor, even for a bona fide consideration, the appellants chose to draw a check on the fund in question. The right even of a debtor of a judgment debtor,, summoned under section 294 of the Code, as well as of the latter to be relieved from obedience to an order enjoining., them from paying over moneys to their creditor, even where the proceeding is had against the latter also, depends upon its being consented to, or the proceeding being abandoned by the applicant, or its being moved at some day,, to which the proceeding has been continued by adjournment, or on which both parties appeared; (for, perhaps, even a consent to appear would not be sufficient without actual appearance.) Of course, if no proceedings were taken against the appellants, their consent or appearance was unavailing and immaterial.
By the service of the original order in the supplementary proceeding, with the affidavit on which it was founded, the debtor of the appellants was apprised of the nature of the proceeding and the jurisdiction acquired, and was bound to know that such order could only be vacated by an abandonment of the proceeding, or by some order made at a time to which it had been adjourned, or at which they and the judgment creditor appeared, or by consent of both parties.- The -order, as made, did not show such facts upon its face, and was not so made in fact. Such debtor, therefore, paid over such funds, or any sum which it paid, at its own risk. The lien was obtained by *504 the original proceeding on the debt to the appéllants, and service of the order npon them to appear; and was never legally removed, unless the original plaintiff abandoned it. I therefore think the judgment creditor not entitled to have the appellants punished for a contempt, by which no injury was caused to him.
In consequence-of these views, which dispose of'the case, I do not consider it necessary to- e'xamine, further, how far an omission, on an ex parte application, to disclose to a judge a fact, which might prevent him from granting ■ ex parte an order by which another party is prejudiced, maybe considered as a “ deceitunder the statute already cited, (ubi sup.) so as to subject the applicant to proceedings as for contempt. Certainly a great many ex parte orders are constantly being granted in cases where, if certain facts were disclosed to the officer granting' them, he would not grant them, and the time of the court would be fully occupied by hearing motions for the punishment of parties fdr‘their attorneys’ obtaining ex parte orders, without'disclosing all the facts bearing upon the propriety of granting them. Whatever may be the evils of obtaining ex parte orders, courts having the power cannot well refuse to grant them, when a prima facie case, to justify it, is made out for them; nor can even attorneys well be punished for not disclosing every fact, which might’ afterwards show that they were not entitled to -them. A glaring omission, or, rather, suppression of what, -if disclosed, would clearly show them disentitled to such an order, might possibly make them amenable-to process of contempt, under the first subdivision of the section of-the statute, (2 Rev. Stat. 534, § 1,) before referred to,-unless that be óonfined to misconduct towards' their own client.
In: this case any fraudulent suppression of the fact of- the making of the order'in the action, modifying the prior one, staying proceedings, is denied by the attorney who *505 obtained the order, which is met by affidavits on the other side, founded only on information. ¡No certificate to the contrary, of the judge who gave it, was produced. The fact relied upon to establish the fraudulent suppression, is the entire omission in the affidavit, upon which the order complained of was made, of any mention of the order modifying the order staying proceedings in the action, although the latter is stated, and forms the sole ground for asking for the order in question. This undoubtedly is a highly suspicious circumstance, and if the proceedings were against the attorney, would require full explanation. The circumstance of the same judge making both orders, is almost unimportant, as it would be utterly impossible to recollect all the orders granted in every case. But the proceeding is against the parties themselves, who would be, at least, entitled to more leniency of judgment, but there is no evidence of their partaking of the deceit, if practiced. It is very well settled, that to make a client liable for illegal practices of his counsel or attorney, in the course of legal proceedings, there must be stringent evidence of his sanction of them, (10 How. Pr. 415;) hence the mere fact of the appellants drawing the money from the bank, without proof of knowledge, on their part, of the mode in which the order complained of was obtained, is not sufficient to make them responsible.
For these two reasons, therefore, that the order obtained on the supposed suppression of facts was a nullity, so that the plaintiff might have gone on with his proceeding, and may possibly yet be able to do so, (by proceedings for a contempt against the debtor of the appellants, for not appearing at the time fixed by the order,) and that "there is no evidence for supposing the appellants privy to the alleged act of contempt, I think the order appealed from should be reversed, without costs of the motion, or the appeal, to either party.