By the Court, Jones, J.
I do not. perceive on what principle the client can be punished as for a contempt for an act done by his attorney, without his direction, knowledge, privity or procurement.
The proceedings to punish for a contempt are in their nature quasi criminal. The party adjudged guilty is to be punished either by fine or imprisonment, or both. By his act of contempt he subjects himself to a liability to punishment in either of those modes. If then the client is guilty of contempt for an act done by his attorney without his knowledge, &c., then he becomes liable to be punished by a fine or imprisonment, or both, for an act done by another without .his participation. Thus he may. be im *672 prisoned simply as a punishment for the improper ox* illegal act 'done by another. It is no answer to say that the court has a discretion to impose on him simply a fine sufficient in amount to make good the damage done by the acts of his attorney; for the mode of punishment is discretionary, and if the- contempt of the attorney is a contempt by the client, then the client is liable to the same punishment as the attorney, and if under the circumstances the attorney would be punishable with imprisonment, it follows that the client would be also. This necessarily results from regarding the acts of the attorney as the acts of the client, for the purpose of contempt proceedings. And further, the infliction of a fine of only sufficient amount to compensate the aggrieved party is by way of punishment for the misconduct complained of, and as such imprisonment follows until payment be made. To punish one for the act of another is contrary to natural justice and the established pi’inciples of law. A contempt by the attorney cannot therefore be treated as a contempt by the client. (Harris v. Clark, 10 How. Pr. 427.)
I therefore think the order below should be reversed, and an order made denying the motion, with $10 costs, without prejudice to the right to renew it on further affidavits', if deemed advisable, on payment of said $10, Ho costs to either party on appeal.