No. 3095.

C. S. SAUVINET v. THOMAS S. MAXWELL.

An incoming sheriff has not the right to require his predecessor to deliver to him the moneys
realized by the latter on executed writs and for which the outgoing sheriff and sureties
are liable on his official bond.

It will hardly be held that when a sheriff becomes *functus officio* he can execute writs and
process of courts in his possession remaining unexecuted. His mission is completed and
his authority to actively enforce the laws is at an end. But there is no impropriety or
unfitness in his paying over moneys which he has in hand to the party legally entitled to
receive it. He is responsible for it and not the incoming sheriff, and the right of the
latter is unwarranted by law.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble J.*
*E. Filleul, Hornor & Benedict,* for plaintiff and appellee. *A. N. &*
*H. N. Ogden,* for defendant and appellant.

TALIAFERRO J. At the general election of the State in November
1870, the plaintiff was elected sheriff of the parish of Orleans. He
complains that on coming into office he found that the defendant his
predecessor had taken away all the public records of the sheriff's office,
the books, papers, writs and processes of every kind. He obtained an
order of court to regain possession of the archives of the office and to
restrain the defendant from interfering with him in the discharge of
his official duties. Under this order all the records, books, papers, etc.
were returned, but the defendant refused to deliver to the plaintiff the
moneys that had come into his hands while in office as sheriff and
which belonged to parties in various cases. From the order in its
entirety the defendant has appealed.

The only question left for consideration is: Has an incoming sheriff
the right to require his predecessor to deliver to him the moneys real-
ized by the latter on executed writs and for which the outgoing sheriff

and his sureties are liable on his official bond ? The judge *a quo* found from an extensive examination of common law authorities that they established the doctrine that the outgoing sheriff should continue and complete any execution he may have begun; and according to this rule he deduced that the defendant would be in the right in holding all moneys realized by him on writs until paid to the creditor or taken possession of by the court from which the writ issued. But the judge was unable to find that this question has heretofore been directly presented to the courts of this State for adjudication. He found no reported case touching the issue and seems to have been governed in rendering his decision by inferences from a few cases (10 An. 310—12 An. 340 and 7 Rob. 500), that bear in his opinion, indirectly on the subject, and from his views of the genius and character of our government. It will scarcely be held that when a sheriff becomes *functus officio* he can execute writs and process of courts in his possession remaining unexecuted. His mission is completed and his authority to actively enforce the laws is at an end. But we see no impropriety or unfitness in his paying over moneys which he has on hand to the party legally entitled to receive it. He is responsible for it and not the incoming sheriff, and the right of the latter is unwarranted by law. We think therefore the judge *a quo* erred.

It is accordingly ordered and adjudged that the judgment of the district court be annulled and avoided. It is further ordered that there be judgment for the defendant, the plaintiff paying costs in both courts.

Rehearing refused.