WAKEMAN vs. RUSSEL.

An assignee of a judgment, who has not taken out execution, cannot file a judgment creditor's bill in his own name, even though the original plaintiff may have had a *fieri facias* returned unsatisfied.

THIS was a bill in the nature of a judgment creditor's bill.

*January 8, 1833.*

The judgment at law for seven hundred and seventy-eight dollars and sixty-five cents, had been recovered by the Franklin Bank against the defendant John Russel. That institution became insolvent and got into the court of chancery; and James Kent, Esquire, was appointed the receiver of its estate and effects. A writ of *fieri facias* had been issued on the part of the bank; which was returned unsatisfied. By virtue of his power as such receiver, Mr. Kent sold this judgment, amongst others, at auction; and the complainant, Burr Wakeman, purchased it for a ten dollar bill of the said Franklin Bank. The judgment was, accordingly, assigned to the complainant; and he now filed his bill to discover property which could not be reached at law. He, himself, had issued no execution. Upon a motion for an injunction the question was, whether he could file such a bill?

*Practice.*
*Assignee of a judgment filing a creditor's bill.*

In an affidavit made by the defendant, he showed, that the ten-dollar-Franklin-bank-bill, paid for this judgment, was not worth over one dollar and fifty cents; that, since the assignment, no legal proceedings had been instituted (save the filing of the bill;) "that this deponent never received any notice "nor did he know of the assignment of the said judgment to "the said complainant, nor has he ever been called upon or ap-"plied to for the payment of the said judgment in any way since "the time of the said assignment of the same to the said com-"plainant.'

Mr. *N. B. Blunt*, for the complainant.

Mr. *S. B. Romaine*, for the defendant.

The statute upon which the complainant's proceedings are based, is founded upon the decision in *Hadden v. Spader*, 20. *J. R.* 554.

The consideration paid by the complainant to the receiver of the Franklin Bank was ten dollars of the money of this bank ; and allowing for the twenty-five per. cent, which has been paid, the actual amount, therefore, was seven dollars and fifty cents in Franklin Bank notes, and the value thereof was not over one dollar and fifty cents.

The application, if allowable at all under the circumstances, should have been made in the name of the Franklin Bank. An assignee of a judgment is not such a judgment creditor as is intended by the statute.

It is made indispensable by the statute (2. *R. S.* 174.) that an execution shall have been issued upon the judgment against the property of the defendant and be returned unsatisfied ; and also " that the party suing out such execution" shall proceed by filing his bill in chancery, &c. In the case of *Angel* v. *Draper*, 1 *Vern.* 399, it was decided by the court on demurrer, that until the plaintiff in the judgment had sued out his *fieri facias* the goods sought to be enjoined were not bound and, therefore, he was not entitled to discovery or relief.

Mr. *N. B. Blunt*, in reply. The court of chancery exercised jurisdiction in cases where an execution had been returned *nulla bona*, before any statutory provision was made on the subject.

An assignee of a judgment is entitled to all the legal rights of the assignor. He takes subject to all equities ; and has a right to the benefit of all the same. By the *Revised Statutes, vol.* 2. *p.* 41. the assignees of insolvents may sue in their own names.

It is admitted that the complainant might have filed his bill in the name of the Franklin Bank.

1832.

WAKEMAN
v.
RUSSEL.

The assignee could not have issued execution in his own name; and if the statute contemplated expressly a confinement of the right to injunction to the party in whose name execution was issued, an assignee would have no remedy. The language of the statute is, " the party suing out such execution :" not, " in whose name" it was sued. Has not the representative of the party all the rights of his principal ?

The VICE-CHANCELLOR. In this case the judgment has been assigned ; and the assignor files, what is called, a creditor's bill.

The strongest doubt in my mind arises upon the fact of the complainant's not having issued any execution. He relies upon the unsatisfied *fieri facias* issued by the original plaintiffs in the action. On looking at the statute it does appear that the party suing out the execution should file the bill: 2. *R. S.* 173, §. 38. It would seem to follow that the purchaser of a judgment who files a bill in his own name, should have first issued an execution. I am satisfied this is not a case in which the the court ought to interfere. Even laying aside the smallness of the amount for which the judgment was assigned, I think the statute sufficiently clear, that the party who sues out the execution shall be the person to file the bill. Here, three years have passed since execution was issued by the original parties ; and the complainant, the assignee, has taken out no fresh process. He has not, consequently, exhausted his legal remedies.

I shall refuse the motion, with costs.