1838.

Gleason
v.
Gage.

GLEASON and another *vs.* GAGE.

Where the plaintiff in a judgment after causing an execution to be issued thereon, which is returned unsatisfied, assigns the judgment, the assignee may file a creditor's bill upon such judgment, without taking out a new execution after the assignment. And in such a bill it is not necessary for the complainant to state the consideration of the assignment.

THIS was an appeal from a decree of the vice chancellor March 5. of the first circuit, allowing a demurrer and dismissing the complainants' bill with costs. From the bill it appeared that R. Rowley, in April, 1837, recovered a judgment against the defendant in the common pleas for $225; that Rowley caused an execution to be issued on the judgment against the property of the defendant, which was returned unsatisfied, and that the day after the return of the execution the complainants purchased the judgment of Rowley and took a written assignment thereof by deed. The bill, which was filed about a month after the purchase, to obtain satisfaction of the judgment out of the equitable interests and choses in action of the defendant, also contained the usual averments required to be inserted in creditors' bills. The defendant demurred to the bill for want of equity, and assigned as causes of demurrer that no consideration for the assignment was stated in the bill, and that the assignees themselves had never taken out an execution on the judgment after it was assigned to them.

*H. S. Mackay,* for the appellants. The issuing and return of a second execution, by the complainants, was unnecessary. The one already issued by the plaintiff, and returned unsatisfied, gave his assignees the right to proceed by a creditor's bill against the equitable assets of the defendant. This right is conferred by 2 *R. S.* 173, § 3, although assignees are not named. It is not usual or necessary in statutes conferring rights or remedies to include by name assignees or legal representatives; because it is understood that either law or equity, as the case may be, casts the right

and remedy on them, or recognizes and protects their title. The rights and remedies of assignees are commensurate with the rights and remedies of the assignors, as a necessary legal and equitable sequence ; and where a proceeding has been instituted they are entitled, when entitled at all, to go on from the last step and to derive the same benefit from what has been done by the original party as that party himself would have derived.

The issuing of a new execution would be only to satisfy an idle form. By the return of the former execution it was judicially ascertained that the defendant had no goods amenable to the execution. The legal remedy was thus exhausted. This is all a sound and reasonable construction of the statute requires. The issuing and return of the execution is to ascertain the fact whether the defendant has property to satisfy the execution. That being done by the plaintiff on the record, can any good reason be given why a further and another, and (if there be successive assignments) another and yet another execution should be issued and returned ? If the legal remedy be exhausted by the first execution, what more can be done ? Where the statute speaks of the party suing out his execution and thereupon filing his bill, it means both the party and his assignees. But the statute is merely declaratory of the common law. The right to file a creditor's bill existed before the adoption of the revised statutes. The complainants, as assignees, had the right to file their bill by virtue of the common law powers and jurisdiction of the court of chancery.

The objection to the decision of the vice chancellor is, that it tends to impair and interrupt, instead of facilitating the remedy in equity consequent on the return of an execution unsatisfied. It impairs the rights of bona fide assignees, who in equity, on general principles, are substituted in the place of the assignors and subrogated to their rights.

*John A. Morrill,* for the respondent. Until the complainants sue out an execution, the goods sought to be discovered are not bound, and they are not entitled to discovery. (2 *R. S.* 173. *Angel* v. *Draper,* 1 *Vern.* 399.) The

1838.

Gleason
v.
Gage.

bill does not state that the complainants sued out execution after the assignment of the judgment to them. They rely on the execution sued out by Rowley, and returned unsatisfied, when they should have sued out an execution as assignees of the judgment. (*Wakeman* v. *Russell*, 1 *Edw. Ch. Rep.* 509.)

THE CHANCELLOR. The vice chancellor has undoubtedly based his decree in this case upon his reported decision in the case of *Wakeman* v. *Russell*, (1 *Edw. Ch. Rep.* 509.) I think, however, he has in both cases misapprehended the spirit and intent of the statutory provision upon the subject of creditors' bills. The object of the revisers and of the legislature was not to establish, as a technical rule, that the execution should have been taken out by the same individual who filed the bill. But it was to establish and declare the great principle decided by the court for the correction of errors, in *Hadden* v. *Spader*, that the creditor, after the remedy against the tangible property of the debtor had been exhausted by the return of an execution unsatisfied, might come into this court for the purpose of obtaining a discovery and payment out of property of the debtor which could not otherwise be reached. It is therefore the duty of the court to extend the remedy to every case coming clearly within the spirit and intent of the statutory provision. For that reason it has already been decided, by this court, that a creditor by a decree in equity, who has exhausted his remedy by execution thereon, may file a bill for relief, in the same manner as a creditor by judgment; although the language of the statute, if strictly construed, would limit the remedy to creditors who had obtained judgments in courts of common law only.

In courts of common law the real party is sometimes *permitted* to prosecute his suit in the name of a third person who has no subsisting interest therein. And he is frequently *compelled* to use the name of the original creditor where a chose in action has been assigned. But in this court the assignee of a right of action must prosecute the suit in his own name ; and it is a good defence, in most cases, that the

nominal complainant has no interest in the subject of the litigation. The complainants, therefore, after they had purchased this judgment, were compelled to file the bill in their own names. And there is no good reason for requiring them to go through the mere formality of taking out a new execution, and having it returned unsatisfied, when the ink was scarcely dry upon a similar return made by the sheriff on the execution which had been issued at the instance of the party from whom they purchased the judgment.

There is no foundation for the objection that the consideration of the assignment is not stated in the bill. The assignment is stated to be by deed, and that of itself imports a sufficient consideration to support the assignment. If the assignment is valid between the parties thereto, so as to transfer the whole interest in the judgment to the complainants, the debtor who has neglected to pay the judgment, and who has no legal or equitable defence as against either the assignor or the assignees, has no right to know how much, or in what, the assignees of the judgment paid, upon their purchase of that judgment.

The decree appealed from must be reversed, and the demurrer be overruled, with costs. And the defendant must pay the costs and put in his answer within thirty days.

The proceedings are remitted to the vice chancellor.