Oct. 1839.

Fitch
v.
Baldwin and others.

---

## FITCH *vs* BALDWIN and others.

An assignee of a judgment at law, cannot file a creditor's bill, to collect the same, in Chancery, without issuing an execution upon such judgment after such assignment.

The decision of the Chancellor, made public subsequently, however, overrules such doctrine. (See note *a*.)

*C. B. Lord*, for Complainant,

*O. H. Marshall*, for Defendants.

THE VICE CHANCELLOR. A motion is made on the part of the defendant Baldwin, for the dissolution of the injunction heretofore issued in this cause, as to himself. There were various questions made

upon the argument of this motion, but one of them is a Oct. 1839. question which it is quite important to the profession to have definitely settled, and in any view of that question, its decission will dispose of this motion; I shall confine myself to its consideration. The bill in this case is what is commonly called a creditor's bill. It is founded upon two judgments at law, and the return of execution thereon unsatisfied. Neither of the judgments at law are in favor of the complainant in this suit, nor was execution issued upon either of them by the complainant in this suit, but he became the assignee of both the judgments at a period subsequent to the issuing of the executions thereon.

This raises a question under the statute, in relation to creditor's bills. In Wakeman vs. Russell, 1 Edwards Rep. 509, Vice Chancellor McCoun, suggests that the purchaser of a judgment cannot file a creditor's bill, founded thereon, in his own name, unless he shall have caused an execution to be issued upon such judgment, after his purchase. This suggestion is founded upon the language of the statute, 2 Rev. Statutes, 173-4, sec. 38, that *the party suing out* such execution, may file a bill, &c. which is inferred to restrict the statute remedy by bill, to the party who sues out the execution. From the facts in this case, we might reasonably infer that there were other good grounds for refusing an injunction. The judgment was a stale one—no execution had been issued upon it for many years, and the judgment itself was purchased for the merest trifle, and all these facts might have reasonably been taken into consideration by the Vice Chancellor, in making his decision. Still the grounds of the Vice Chancellor's suggestion are as applicable to a recent

*Fitch v. Baldwin and others.*

Oct. 1839.

Fitch
v.
Baldwin and
others.

as an old judgment, to one for which a full amount was paid, as to one purchased for a nominal sum, for it is based upon the language of the statute, which if clear must control. The principle of the suggestion of the Vice Chancellor, is quoted by Mr. Hoffman in his second volume ; it has been adopted by most of the solicitors in this part of the state, and has been acted upon, as I have been informed, by my two immediate predecessors. Still it has not received the sanction of any decision by the Chancellor, that I am aware of, and must, therefore, be still considered as a subject of doubt:

The complainant insists that the term " party," used in the statute, was only used to designate his relative character in the suit, and that by the use of that term it was intended to enact that the *party* plaintiff, or *party* defendant, might sue out such an execution as the basis of a creditor's bill. The language of the whole section seems to me to be inconsistent with this view of the case. Sec. 38 declares that "whenever an execution against the property of a *defendant*, shall have been issued," &c. " the *party* suing out such execution may file a bill in Chancery against such *defendant*." The statute seems only to contemplate proceedings in Chancery as against a *defendant* at law, and authorises such proceedings in favor of the *party* suing out the execution. I have some hesitation upon the subject, but on the whole I am inclined to adopt the construction suggested by Vice Chancellor McCoun, that it is a necessary preliminary to abtaining an injunction upon a creditor's bill, that the complainant should state in his bill, that he has sued out an execution upon the judgment at law. This seems to agree

with the general opinion of the profession, and has,
as I understand, been acted upon by my predeces-
sors, and I see no sufficient reason to act otherwise,
until the point shall be finally adjudicated by the
Chancellor. (*a*)

The injunction, as to defendant Baldwin, must be
dissolved with costs.

(*a*) A decision of the Chancellor, since published, Gleason and an-
other vs. Gage, 7 Paige, 121, has determined this question the other
way, and has settled that an assignee of a jndgment may file a bill in
his own name without suing out an execution in his own name.

The decision of the Chancellor, of course, overrules the doctrine
contained in the above case, and it must be acknowledged that the
reasoning of the Chancellor is much more satisfatory, than the rea-
soning which would establish a contrary doctrine. The decision of
the Vice Chancellor in the above case was affirmed by the Chan-
cellor, on appeal, but upon other grounds than those upon which it
was placed by the Vice Chancellor.