## STRANGE vs. LONGLEY.

It is not necessary for the assignee of a judgment to issue a new execution thereon before he can file a creditor's bill against the defendant.

It is a good objection to an application for the appointment of a reciever in a creditor's suit, that no execution has been issued to the county in which the judgment debtor resided.

Where the complainant in a creditor's suit has sworn positively, in his bill, that an execution has been issued to the county in which the judgment debtor resided, an injunction granted in such suit will not be dissolved, upon a simple affidavit contradicting that fact. The defendant must put in his answer, denying the allegation, and then move to dissolve the injunction on bill and answer.

In the case of an execution issued before the statute was passed, requiring executions to be made returnable sixty days after the delivery thereof to the sheriff, a creditor's bill, founded on such execution, should state at what time the execution was made returnable.

Where the complainant in a creditor's suit claims the whole of the debt and costs included in a judgment, as the assignee of such judgment, he must show a valid assignment entitling him to the costs as well as to the debt, or the original judgment creditor, to whom the costs belong, must be joined with him in the suit, or must be made a party to the same as one of the defendants therein.

Where it does not appear from such bill that the whole judgment has been assigned to the complainant, but it is merely stated that the *obligations* upon which · the judgment was recovered, have been assigned to him, the bill is defective.

A general averment, in such a bill, that the defendant is primarily liable for the payment of the obligations upon which the judgment was recovered, is too indefinite to excuse the complainant from issuing an execution to the county where the other judgment debtors reside; or making them parties to the suit.

THIS case came before the chancellor upon an application to dissolve an injunction on the bill and opposing affidavits.

*O. L. Barbour*, for the complainant.

*J. Rhoades*, for the defendant.

THE CHANCELLOR. The objection that it is necessary for an assignee of the judgment to issue a new execution before he can file a creditor's bill is not valid. That question was decided the other way in *Gleason* v. *Gage*, (7 *Paige's Rep.* 121,) where the decision of the vice chancellor in *Wakeman* v.

Strange *v.* Longley.

*Russell*, (1 *Edw. Ch. Rep.* 509,) was overruled. The affidavit that the execution was not issued to the county where the defendant resided, would constitute a good objection to an application to appoint a receiver of the property of the judgment debtor. But as the complainant has sworn positively, in his bill, that the defendant resided in the county of Erie when the execution was issued, in January, 1839, the injunction cannot be dissolved upon a simple affidavit contradicting that fact; but the defendant must put in his answer denying this material allegation in the bill, and then move to dissolve on bill and answer.

The bill is defective, however, in not stating when the execution was returnable; as such execution was issued before the statute, requiring the execution to be made returnable sixty days after its delivery to the sheriff, was passed. The bill merely states that the sheriff was directed to have the money before the justices of the supreme court at *Geneva* on the return day of the writ; without stating any where in the bill when that return day was. And as there was no term of the court held at Geneva, it is doubtful when or where the court was held at which the execution was in fact returnable.

The objection to the bill is also well taken, that it does not appear that the whole judgment was assigned to the complainant, but only the obligations upon which the judgment was recovered, and for the payment of which *obligations* the bill states that the defendant in this suit is primarily liable. As the complainant claims the whole of the debt and costs included in the judgment, he must show a valid assignment entitling him to both; or the original judgment creditor, to whom the costs belong, must be joined with him in the suit; or be made a party to the same.

The general averment, that the defendant is primarily liable for the payment of the obligations upon which the judgment was recovered, is also too indefinite to excuse the complainant from issuing an execution to the county where the other judgment debtors resided, or from making them parties to the suit. This defendant may have become primarily liable, by some agreement

made between him and his co-defendants in that suit since the recovery of the judgment; whereby he had agreed to pay the debt exclusive of the costs. If the defendant in this suit was in fac. the principal debtor in the judgment, and was bound in equity to pay the whole debt and costs, as between him and the other parties against whom such judgment was recovered, the complainant should have briefly stated the facts upon which such primary liability of the defendant rested ; so that the court could see whether the complainant was not under a mistake in point of law in supposing that Longley was in fact primarily liable.   For instance ; if Longley was the drawer of a note, on which the other defendants in the judgment were merely endorsers, that fact should have been stated in the bill, so as to give the defendant an opportunity to put the fact in issue, in case it was material.

Upon the allegations in the bill as they now stand, the complainant is not entitled to retain his injunction.   It must therefore be dissolved.