THURSTON *a.* KING.

*Supreme Court, First District ; Special Term, December,* 1854.

SHERIFF'S CERTIFICATE.—ISSUING OF EXECUTION.

The official certificate of a sheriff of another State is not evidence in this State of
service of papers; his affidavit should be presented.
Execution cannot issue upon a judgment after the death of the judgment creditor.
The remedy of the executor, is properly to be sought by original action.

Application for an order that execution issue.

The facts sufficiently appear in the opinion.

MITCHELL, J.—Application is made for an·absolute order
that execution issue upon the judgment in this action. The
plaintiff's attorney showed that five years had elapsed since
the entry of the judgment, and made affidavit that the judg-
ment remained due, and that the defendant was, and ·resided,
in Hamilton County, Ohio. On this proof he obtained an
order for the defendant to show cause why execution should
not issue, and that the notice be served on the defendant by
publication for six weeks in one newspaper, and by service on
him by the sheriff of Hamilton County, *Ohio.* He now pro-
duces proof of such publication, and a certificate of the sheriff
of that county of the personal service of the notice. (Code, §
284).

The certificate of a sheriff in our own State is proof, because
he is acting under his official oath. But a sheriff of a county
in Ohio, when he serves process or notices from our State,
does it, not by virtue of his oath of office, but as a private
individual; his oath relates only to what he does under the
laws of his own State. He should therefore make his affidavit
of service.

The papers however show that the plaintiff is dead, and that
his attorney who is acting on this application, is his executor.
Before the Code an execution could not issue after the death
of the plaintiff unless he died within the last term or vacation;

but it was necessary for a *scire facias* to issue to revive the judgment and authorize execution on it. The Code, while it prevents an action from abating by death during its pendency, (§ 121) does not allow it to proceed in the name of the decedent any more than the old law did, but allows it to be continued by motion or supplemental complaint by or against his representatives. As the writ of *scire facias* is abolished, that ancient remedy can no longer be resorted to. But the same section which abolishes it, with certain other writs, declares that " the remedies heretofore obtained in those forms may be obtained by civil action under the provisions of that chapter." (§ 428). Thus it was intended that no relief should be lost, but that the mode of obtaining it only should be changed, and that that mode should be by action. From the language used, —" by civil action *under the provisions of this chapter*,"—it would be supposed that special provision could be found in that chapter for every case where relief had before been obtained by *scire facias*. But that is not so, and the only cases specially provided for are usurpations of franchises. And as *scire facias* was one mode of testing a right to franchise and *quo warranto*, and information in nature of a *quo warranto*, were others, and this section abolishes all three of these ancient remedies, there is room for argument that the only *scire facias* intended to be abolished was that which was of the same nature with the two other writs, and for which this chapter specially provides. This, however, is contrary to the general understanding, and to the object of the Code in getting rid of the old system, and to the broad language used in this section. (Cameron *a.* Young, 6 *How. Pr. R.*, 372).

The plaintiff's only remedy is by original action, or perhaps under a liberal interpretation of section 121, by motion or supplemental complaint. The safest mode would be by action, and as " the remedies heretofore obtained in the form of *scire facias*, &c., may be obtained by civil action," (Code, § 428), the executors of the plaintiff would be entitled to ask for and to obtain an execution to be issued in their names, to be levied of any lands which the defendant held when the judgment was docketed.

The present application is denied.