# N. Y. COMMON PLEAS.

## DANIEL WALKER agt. CHRISTIAN DONOVAN.

*Supplementary proceedings — order for examination of defendant on application of personal representative of deceased judgment creditor.*

The personal representatives of a deceased judgment creditor, in whose lifetime an execution was issued upon the judgment and returned unsatisfied, may, upon showing that fact, and giving proof that letters testamentary or of administration had been issued to them, have an order for the examination of the defendant in proceedings supplementary

It is not necessary in such a case, before the personal representative can proceed to enforce the judgment, that the action should be revived and continued in their name.

By the amendment of section 283 of the Code in 1866, it was provided that in case of the death of the person in whose favor the judgment was given, his personal representatives duly appointed might, at any time within five years after the entry of the judgment, enforce it by execution. Since this amendment, it is no longer necessary to bring an action on the judgment in the nature of a *scire facias* to have the executor or administrator made a party to the judgment to enable him to institute summary proceedings to reach the equitable assets of the debtor.

The affidavit upon which the order for the examination of the defendant is asked must set forth the judgment; that the party who applies for the order is the sole executor or administrator of the judgment creditor; that an execution was issued, and the date of it; that it was returned unsatisfied; that the judgment creditor is dead, and that letters testamentary or of administration were duly issued to him, and that he duly qualified and has ever since acted as his executor or administrator.

Any defense or answer which the judgment debtor has to the enforcement of the judgment, except matters which ought to have been pleaded to the original action, or which existed prior to the judgment, is available to him where an order is obtained for his examination in supplementary proceedings.

*Special Term, April, 1877.*

Walker agt. Donovan.

DALY, *C. J.*—The enforcement of a judgment referred to in the two hundred and eighty-third section of the Code, is the enforcement of it by execution. That section allows it to be enforced by the party in whose favor it was rendered, or in case of his death by his personal representatives, at any time within five years after the entry of it; and by section 284 it may be enforced after five years, with the leave of the court, in the cases and in the manner therein provided. But if an execution upon it has been returned unsatisfied the judgment creditor is, " at any time after such return" (*sec.* 292), entitled to an order for the examination of the defendant, and the limitation of five years has no application to this equitable remedy, nor is there any limitation to it, except that which the statute has imposed in respect to equitable remedies generally (*Owen* agt. *Dupignac,* 9 *Abb. Pr.,* 184; *Miller* agt. *Rossman,* 15 *How. Pr.,* 10).

Under the Revised Statutes a creditor's bill might be filed within ten years, and all that was necessary to aver was the judgment, and that the plaintiff had exhausted his legal remedy by issuing and return of an execution unsatisfied (2 *R. S.,* 173, *sec.* 38; *McElvain* agt. *Willis,* 9 *Wend.,* 560).

If an execution had been returned unsatisfied the bill might be filed, although an execution had been subsequently issued which had not been returned, and though a levy had been made under that execution, unless it appeared that the property levied upon was amply sufficient to pay the judgment (*Culver* agt. *Moreland,* 6 *Paige,* 273; *Bates* agt. *Lyons,* 7 *id.,* 85; *Thomas* agt. *McEwen,* 11 *id.,* 131). Vice-chancellor WHITTLESEY, in *Storms* agt. *Reynolds* (*Clark's Ch. Rep.,* 148) undertook to limit the right to this equitable remedy by holding that after a judgment had stood for a period of three years or more the plaintiff should try again with an execution to collect before asking the aid of a court of equity; but this doctrine was repudiated by chancellor WALWORTH, in *Corning* agt. *Stevens* (1 *Barb. Ch.,* 589), who held that there was no limitation of the time within which

Walker agt. Donovan.

to file a creditor's bill short of the ten years which the statute had fixed as the time within which suits of equitable cognizance must be brought.

The question presented in the present case is, whether the personal representatives of a deceased judgment creditor, in whose lifetime an execution was issued upon the judgment and returned unsatisfied, may, upon showing that fact and giving proof that letters testamentary or of administration had been issued to them, have an order for the examination of the defendant in proceedings supplementary.

It is insisted that before the personal representatives in such a case can proceed to enforce the judgment it must be revived and continued in their name.

As the law stood before the amendment, in 1866, of section 283 of the Code, if the plaintiff died after judgment and before the issuing of an execution the personal representatives could not issue execution; but to enable them to do so they had to bring a writ of *scire facias*, and after the Code, the Code having abolished that writ, an action in continuation of the judgment that they might be made parties to it and have the right to enforce it by execution, the rule being, in the language of lord HOLT in *Penoyer* agt. *Brace* (1 *Ld. Raym.*, 241; 1 *Salk.*, 320), "that when any new person is either to be better or worse by execution there must be a *scire facias* to make him a party to the judgment because he is a stranger, as in the case of an executor or administrator" (*Earl* agt. *Brown*, 1. *Wils.*, 302; 2 *Co. Inst.*, 471; *Bacon's Abr.*, 112 [*5th Lond. ed.*]; *Cameron* agt. *Young*, 6 *How.*, 372; *Alden* agt. *Clark*, 11 *id.*, 209; *Thurston* agt. *King*, 1 *Abb. Pr.*, 126; *Wright* agt. *Nutt*, 1 *T. R.*, 388; *Bellenger* agt. *Ford*, 21 *Barb.*, 311). Though if an execution, either against the goods or the body, had been issued during the plaintiff's lifetime it could be executed after his death and no *scire facias* was necessary (*Clark* agt. *Withers*, 6 *Mod.*, 290, 2 *Ld. Raym.*, 1072; 1 *Salk.*, 322; *Ellis* agt. *Suffitt*, 16 *M. & W.*, 105; 1 *Wms. on Executors*, 760 *to* 769).

But the amendment of section 283, in 1866, made a material change in the law in this respect by providing, that in case of the death of the person in whose favor the judgment was given his personal representatives duly appointed might, at any time within five years after the entry of the judgment, enforce it by execution. This was giving the personal representatives the same right to sue out execution which the judgment creditor would have had in his lifetime; and after the passage of this amendment it is no longer necessary to bring an action on the judgment, in the nature of a *scire facias*, to have the executor or administrator made a party to the judgment.

If the executor or administrator may sue out an execution, as the judgment creditor might have done in his lifetime, there is certainly no reason why the executor or administrator should institute an action in the nature of a *scire facias* to enable him to bring a creditor's bill or to institute summary proceedings to reach the equitable assets of the debtor. It was not because the judgment had abated that the executor or administrator had to sue out a writ of *scire facias* before he could enforce it by execution, but because he was a stranger to the judgment, and there had to be a preliminary inquiry as to his right before he could enforce it. An alteration of the parties, as was said in *Penoyer* agt. *Brace* (*supra*), "altereth the process," and the executor or administrator had to have himself made a party to the judgment before he could have execution, and that could only be done by suing out a writ of *scire facias*. The writ of *scire facias*, in judgments in personal actions, came into use because, if no execution was issued upon such a judgment within a year, the presumption was that the judgment had been satisfied, or for some supervening cause ought not to be allowed to have its effect, and, therefore, after a year, there was no way to give effect to it, except by bringing another action upon it, and the *scire facias* was adopted as a less expensive and dilatory course for the plaintiff, and as affording full protection to the judg-

ment debtor, if there was any reason why the judgment should not be enforced by execution (*Hiscocks* agt. *Kemp*, 2 *Ad. & E.*, 679; *S. C.*, 5 *N. & M.*, 113; *Foster on Scire Facias*, 6, 7).

Where a creditor's bill was brought, and it appeared that the judgment creditor could not stir at law without a *scire facias*, the court would allow him to sue out his writ of *scire facias*, meanwhile retaining the bill (*Coysgarne* agt. *Fly*, 2 *Wm. Bl.*, 995; *Roe* agt. *Bent*, 1 *Dick.*, 150; *Burroughs* agt. *Elton*, 11 *Ves.*, 35).

But the whole of this proceeding has been swept away by the Code, which allows the judgment creditor, or, after his death, his personal representatives, at any time within five years — and after five years with the leave of the court — to enforce the judgment by execution. The execution issues in the name of the personal representative, and if there be any reason why the judgment should not be enforced by execution, the judgment debtor must, as he would have to do where the judgment creditor issued one, move the court to stay it or set it aside. Even before the Code, a stranger to the record, an assignee of the judgment, might file a creditor's bill without having himself made a party to the judgment and suing out execution. In *Wakeman* agt. *Russell* (1 *Edw. Ch.*, 509), and *Fitch* agt. *Baldwin* (1 *Clarke*, 106), it was held that an assignee could not file a creditor's bill until he had himself taken out execution; but *Gleason* agt. *Gage* (7 *Paige*, 112), and in *Stranger* agt. *Langley* (3 *Barb.*, 650), the chancellor overruled both these decisions, and held that it was sufficient that an execution had been issued and returned unsatisfied, and that an assignee afterwards was entitled to file a creditor's bill without the issuing of an execution on his part.

But even if there should be doubt as to the effect of the amendment of the two hundred and eighty-third section, giving the personal representatives of the judgment creditor the same right to issue execution which he had in his lifetime, the judgment debtor has preserved to him, upon the filing of a creditor's bill or in supplementary proceedings, all that he

had upon a writ of *scire facias;* for every thing that could arise upon a *scire facias*, whether it relates to the representative character of the executor or administrator, or the rights of the judgment debtor, is attainable in the equitable procedure, whether it is in the form of a creditor's bill, which, it has been held, has not been abolished, or, in the supplementary proceedings, which is a summary and efficacious substitute for it.

All that it was necessary to state in the *scire facias*, in addition to the judgment, was the death of the plaintiff, and that the person suing out the writ was his executor or administrator, duly appointed; and it was then for the defendant to show why execution should not issue to enforce the payment of the judgment (2 *Tidd's Pr.*, 1119 [*9th Lond. ed.*]; *Murphy* agt. *Cochran*, 1 *Hill*, 342).

When an executor or an administrator brings a creditor's bill upon such a judgment, or obtains an order for the examination of a judgment debtor in supplementary proceeding, both the court and the judgment debtor are informed by the complaint in the one case, and by the affidavit in the other, of all that was necessary to set forth, upon a *scire facias*, to entitle an executor to issue execution as well as all that it is requisite to state in a creditor's bill to reach equitable assets. The fact of the judgment, the issuing and return of an execution unsatisfied, the death of the plaintiff in the judgment and the granting of letters testamentary or of administration to the personal representative who bring the creditor's bill or institute the supplementary proceeding, and any defense or answer which the judgment debtor has to the enforcement of the judgment, except matters which ought to have been pleaded to the original action or which existed prior to the judgment (*McFarland* agt. *Irwin*, 8 *Johns.*, 77), is available to him whether he is summoned to answer a creditor's bill or to be examined upon proceedings supplementary.

The affidavit upon which the order for the examination of the defendant was granted sets forth the judgment that Mary Walker, who applies for the order, is the sole executrix of

Walker agt. Donovan.

the judgment creditor; that an execution was issued on the 14th day of October, 1867, and returned unsatisfied; that the judgment creditor died on the 9th day of August, 1870, and that letters testamentary were duly issued to her as his sole executrix named in his will; that she duly qualified and has ever since acted as his executrix.

The *scire facias* was always regarded simply as a continuation of the original action and judgment, and the supplementary proceedings are, in this respect, the same. The legal remedy having been exhausted they give to the creditor in the court where the judgment was rendered, or in the county to which the execution was issued, substantially all the aid for the discovery and application of the equitable assets of the debtor that was attainable before only by a creditor's bill, and any defense which the debtor might have made to such a bill or to the enforcement of the judgment is available to him in this proceeding. He is served with an order and a copy of the affidavit upon which it was made containing the facts which entitle the party instituting the proceedings to require him to make discovery concerning his property. When he is brought before the judge he may set up any defense that he has to the proceeding, or if required in the first instance to appear before a referee, he may, upon an affidavit disclosing the grounds, obtain an order for the party who instituted the proceedings to show cause why they should not be dismissed. In fact all that is or could be available to a judgment debtor in an action in the nature of a *scire facias* is available to him in this proceeding, and there is no reason why, in such case, the executor should be required to institute an action, in the nature of a *scire facias*, before he can obtain an order requiring the judgment debtor to make discovery concerning his property.

The motion to dismiss this proceeding will, therefore, be denied, and the defendant will be required to appear before the referee and be examined upon a day to be inserted in the order denying the motion.