(35 Misc. Rep. 327.)

## In re ARMSTRONG et al.

(Supreme Court, Special Term, New York County.   June, 1901.)

1. EXECUTION—LEAVE TO ISSUE—APPLICATION.
   On an application for leave to issue execution five years after entry of final judgment, the court will not go beyond the judgment, or inquire into its validity, and the judgment debtor cannot be permitted to show that no summons was ever served upon him.

2. SAME—DEATH OF ONE PLAINTIFF.
   Where a firm recovered judgment on a debt due it, and thereafter one of the partners died, the executrix of the deceased partner may join with the survivor in application for leave to issue execution after five years.

Application of Harriott W. Armstrong and others for leave to issue execution.   Motion granted.

Dexter, Osborne & Gillespie, for the motion.
Hawes & Judge, opposed.

GILDERSLEEVE, J.   On or about the 20th of May, 1884, in the district court, the petitioner herein, Harriott W. Armstrong, and one Julian McAllister recovered a judgment for $44.66 against one Alfred Hopcraft and one George W. Hopping.   Said judgment was docketed in the office of the county clerk of New York county on or about October 7, 1886, but no execution has ever been issued on the said judgment.   Thereafter the said Julian McAllister died, and Amelia H. McAllister was appointed the executrix of his estate, duly qualified as such, and is now the sole acting executrix of the estate of the said judgment creditor, Julian McAllister, deceased.   The said Harriott W. Armstrong and the said Amelia H. McAllister, as such executrix, make this motion for leave to issue an execution on said judgment. The only one of the judgment debtors who has received notice of this motion is George W. Hopping.   It appears from the affidavit of plaintiffs' attorney that an execution was issued under the district court judgment by the marshal against the judgment debtor Hopcraft in May, 1884, and returned unsatisfied in June, 1884.   In opposition to this motion the said Hopping swears that he never heard of Harriott W. Armstrong or of Julian McAllister, and was never served with summons, complaint, or other process in any action in which they were plaintiffs.   He admits that he was once in partnership with one Alfred Hopcraft, but dissolved partnership on or about April 1, 1884, about a month and a half before the entry of the judgment in the district court above referred to.   He further swears that no demand was ever made upon him for payment of this judgment, but says that he has no objection to an execution being issued against the property of the firm of Hopcraft & Co., although he strongly objects to any execution against himself individually.   He swears that Hopcraft, upon the dissolution of the partnership in April, 1884, continued the business and assumed all the debts and liabilities.   He says he has been in business in this city continuously for 30 years, and that petitioners could have found him before now, and are guilty of laches in making this motion.   The transcript of judgment hand-

ed up with the papers indicates on its face that it was a judgment against the said Hopcraft and Hopping individually, and not merely as co-partners. The petitioners admit that execution has already been issued against Hopcraft, and now ask only that it be issued against Hopping. I am inclined to follow the authority of Lee v. Watkins, 3 Abb. Prac. 243, and hold that the court should not, on this application, go behind the judgment or inquire into its validity, and that the judgment debtor cannot here be heard to show that no summons was ever served upon him in the action. While the judgment remains on record, the court should go no further. If the statement of the defendant is true, he is not without his remedy. He can apply to have the judgment declared a nullity as against him, but I cannot entertain that application on this motion. As the judgment is now a valid and conclusive record, and as it has not been satisfied, the application of the plaintiffs to issue execution should be granted, without prejudice to the defendant to take any steps with regard to the judgment that he may be advised. Section 1933 of the Code provides that a judgment against joint debtors, as against a defendant not summoned, is evidence only of the extent of the plaintiff's de-' mand after the liability of that defendant has been established by other proof. Section 1932 provides that where two or more defendants are jointly liable, and the summons is not served on all, the plaintiff may proceed against the one served, unless the court otherwise directs, and may enter judgment against all the defendants jointly indebted. Sections 1934 and 1935 provide that the execution in such a case must issue in form against all the defendants, but the attorney for the judgment creditor must indorse thereon a direction to the sheriff containing the names of the defendants not summoned, and restricting the enforcement of the execution to the joint personal property of the defendants and to the real and personal property of the defendants who were summoned. In the case at bar the plaintiffs will issue the execution at their risk and peril against the property of the defendant Hopping individually, but, as I have above stated, I do not think the court can go into that question at the present time. The judgment creditors, according to their attorney, obtained the judgment while they were co-partners and upon a co-partnership debt, and, although one of them has since died and been succeeded by an executrix on this application, I do not think the case of Thurston v. King, 1 Abb. Prac. 126, decided in 1854, applies. In that case the sole judgment creditor died, and the special term held that the executor could not issue execution, but should bring an original action on the judgment. See, also, Code, § 1376.

Motion granted.