(56 Misc. Rep. 449.)

## FISH v. HAHN.

### (Supreme Court, Appellate Term. November 29, 1907.)

1. EXECUTION—ASSIGNED JUDGMENT—INDORSEMENT OF EXECUTION—STATUTORY PROVISIONS.

   Code Civ. Proc. § 1376, which provides that, after decease of a judgment creditor, execution may be issued by his personal representatives or the assignee of the judgment, etc., and that the execution must be indorsed with the name and residence of the person issuing the same, was passed to avoid the necessity of an action in the nature of scire facias, and to enable the personal representatives or assignee of a deceased judgment creditor summarily to issue execution; and the provision as to indorsement applies only to executions after the death of the original judgment creditor, and has no relation to prior sections dealing with other conditions.

2. SAME.

   Code Civ. Proc. § 756, provides that in case of a transfer of interest, the action may be continued by the original party, unless the court directs the person to whom the interest is transferred to be substituted in the action or joined with the original party as the case requires. Section 1375 provides that, except as otherwise specially prescribed, the party recovering a final judgment, or his assignee, may have execution thereon of course at any time within five years after the entry of judgment. The owner of a judgment assigned it to another, and subsequently recovered a further judgment for costs on appeal. Execution was issued on both judgments in the name of the original plaintiff, and a levy made thereunder on defendant's real estate. Defendant moved to vacate the executions and set aside the levy on the ground that plaintiff had devested himself of his interest and was not entitled to issue execution. Affidavits of plaintiff and the assignee, showing that execution was issued in plaintiff's name by his authority, were filed in opposition to the motion. *Held* that, in view of the absence from the statute of any qualification of an assignee's right or of any requirement differentiating the form of the execution issued by an assignee, the motion to vacate should have been denied as to both executions, especially since defendant was apprised by the affidavits of the assignee's consent to the form of execution adopted.

3. JUDGMENTS—PAYMENT—EFFECT OF ASSIGNMENT.

   Before notice of the rights of an assignee of a judgment, payment by the debtor would absolve him from further liability, though after notice he would not be justified in paying it to a stranger to the claim.

Appeal from City Court of New York, Special Term.

Action by John J. Fish against Henrietta Hahn. From an order vacating and setting aside an execution against defendant's property, plaintiff appeals. Reversed, and motion to vacate denied.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

August P. Wagener, for appellant.

Charles L. Burr, for respondent.

LEVENTRITT, J. The plaintiff, after recovering a judgment against the defendant, assigned it to one Louise W. Fish. An appeal from the judgment resulted in an affirmance, and a further judgment for costs. Thereafter executions on both judgments were issued to the sheriff in the name of the plaintiff. Subsequent to a levy made upon the defendant's real property, and prior to the day set for the sale thereunder, the defendant moved to vacate the executions and set aside the levies, upon the ground that the plaintiff by virtue of his assignment had divested himself of all interest in the judgments and was not entitled to issue executions thereon. In opposition to the motion the plaintiff submitted his affidavit and that of the assignee, showing, in effect, that he had authorized his assignee to enforce the collection of the judgment and to that end to issue execution in his name. The motion was granted as to the assigned judgment, and from the order entered the plaintiff appeals.

The respondent argues that, since the execution was issued by the assignee of the judgment, it should have been indorsed with the name and residence of the assignee, pursuant to the provisions of section 1376 of the Code; and he cites in support of his contention Duryee v. Bottsford, 24 Hun, 317, which was also referred to by the court below as authority for the conclusion reached in setting aside the execution. We think, however, that the execution was regular, and that the defendant's motion should have been denied. Section 756 of the Code, treating of the rights of an assignee, provides:

"In case of a transfer of interest, or devolution of liability, the action may be continued by or against the original party, unless the court directs the person, to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires."

There is no qualification of the assignee's rights in this section, and for aught that is provided to the contrary the Code gives him the absolute right, not only of continuing the action to judgment, but of pursuing the judgment to its enforcement and collection in the name of the original plaintiff, his assignor. Chapter 13 of the Code, governing the issuance and enforcement of executions, prescribes their general requisites in section 1366 as follows:

"An execution must intelligibly describe the judgment, stating the names of the parties in whose favor, and against whom, the time when, and the court in which, the judgment was rendered; and, if it was rendered in the Supreme Court, the county in which the judgment roll is filed. It must require the sheriff to return it to the proper clerk, within sixty days after the receipt thereof. Except as otherwise prescribed in the next section, it must be made returnable to the clerk, with whom the judgment roll is filed."

And section 1368 requires that:

"An execution, issued upon a judgment for a sum of money, or directing the payment of a sum of money, must specify, in the body thereof, the sum recovered, or directed to be paid, and the sum actually due when it is issued. It may specify a day, from which interest upon the sum due is to be comput-

ed; in which case the sheriff must collect interest accordingly, until the sum is paid. If all the parties against whom the judgment is rendered, are not judgment debtors, the execution must show who is the judgment debtor."

Section 1375 provides:

"Except as otherwise specially prescribed by law, the party recovering a final judgment, or his assignee may have execution thereupon, of course, at any time within five years after the entry of the judgment."

No requirement is apparent which would differentiate the form of the execution issued by an assignee of a judgment from that issued by an original plaintiff judgment creditor. The failure of the Code to provide any such additional requirement suggests an intention to authorize the assignee to issue execution in the prescribed form, and as of course, either in his own name or in that of the plaintiff, his assignor. Coming, now, to section 1376, we find the following provisions:

"Where the party recovering a final judgment has died, execution may be issued at any time, within five years after the entry of the judgment, by his personal representatives, or by the assignee of the judgment, if it has been assigned, and the execution must be endorsed with the name and residence of the person issuing the same. And where a party or one or more of several parties against whom a judgment for the recovery of possession of real property has been obtained, has died, an order granting leave to issue and execute such execution or writ of possession may be granted upon giving twenty days' notice to the occupants of the lands so recovered and to the grantees or devisees of said deceased, or, if he died intestate, to the heirs at law of said deceased; said notices to be served in the same manner as a summons is directed to be served in an action in the Supreme Court."

Thus it is only after the death of the original judgment creditor within the period of limitation that the execution, when issued by the assignor, must contain the indorsement called for by this section. It is contended that this requirement is general, and applies to section 1375 as well as to section 1376. Such a contention is unfounded, as the sections treat of entirely different and distinct conditions; section 1375 relating to the issuance of executions during the life of the judgment creditor of record and permitting the issuance of an execution of course, with no prescription as to form, and section 1376 relating only to issuance of executions after death by personal representatives or assignee, when the execution must be indorsed with the name and residence of the person issuing the same.

Section 1376 was passed for a specific purpose. Before the Code an execution could not be issued after the death of the judgment creditor unless he had died during the last term of court (Thurston v. King, 1 Abb. Prac. 126); and it was necessary for a scire facias to issue to revive the judgment and authorize execution on it. Under the old Code (section 428) the writ of scire facias was abolished; but it was provided that the remedy theretofore obtainable therefrom "may be obtained by civil actions." In other words, the remedy given by scire facias to revive the judgment and authorize execution was superseded by the provisions of section 428, which gave an action therefor. Cameron v. Young, 6 How. Prac. 372; Alden v. Clarke, 11 How. Prac. 209; Ireland v. Litchfield, 22 How. Prac. 178; Wheeler v. Dakin, 12 How. Prac. 537. The intention of the codifiers,

when preparing the new Code, in inserting section 1376, was to avoid even the necessity of an action in the nature of scire facias and enable the personal representatives or assignee of a deceased judgment creditor summarily to issue execution within the period prescribed; and the indorsement called for in that event was necessarily intended as notice to the judgment debtor of the authority of the person seeking to enforce the judgment after his creditor's death. It will thus be seen that no relation exists or can be established between section 1376, or any part thereof, and the preceding sections bearing upon the subject of executions. Therefore the case of Duryee v. Bottsford, supra, cited by the court, is inapplicable, since it is based on a construction of section 1376.

While an amendment of the Code to cover the situation here disclosed might be advisable, we find no prohibition either in statute or authority which prevents an assignee from issuing an execution in the form required by sections 1366, 1368, and in the name of the judgment creditor, his assignor. Neither in text-books nor in judicial dicta do we find any attempt made to declare a definite principle; but it is significant to note that in both the practice is recognized without criticism. Freeman on Executions, p. 62, § 21; Wilgus v. Bloodgood, 33 How. Prac. 289.

The respondent argues that, if our conclusion be correct, the judgment debtor is not properly protected, and is subjected to the liability of being required to make double payment. While it is doubtless true that after notice the judgment debtor would not be justified in paying a stranger to the claim, it is equally true that before notice such payment would be effective to absolve him from further liability. However, that question is not involved on this appeal, since the respondent was apprised on his motion by opposing affidavits that the form of execution adopted was sanctioned by the assignee as well as by the assignor, so that, if he paid the execution issued, he would be protected from further liability.

It follows that the order appealed from must be reversed, with $10 costs, and the motion to vacate denied, with $10 costs. All concur.