JAMES M. HOLLAND, Respondent, *v.* AUGUSTUS H. GROTE, Defendant, and IDA F. GROTE, Appellant.

1. EQUITABLE ACTION — WHEN IT WILL NOT LIE TO ENFORCE LIEN OF JUDGMENT. A judgment can be collected by ordinary legal process during the ten years it continues to be a lien on real estate, and the aid of a court of equity cannot be invoked by a judgment creditor during that period, no matter how fraudulent the intent of the grantor in transferring the real property subject to the lien.

2. ACTION IN EQUITY — WHEN IT LIES AFTER EXPIRATION OF LIEN OF JUDGMENT. A creditor may, however, after the expiration of the lien but before the statute has run against the judgment, seek the aid of equity to remove a fraudulent conveyance which is a barrier to the collection of the judgment, when he has failed to enforce it by execution while it remained a lien, because of ignorance of the facts or for other sufficient reasons.

3. FRAUDULENT GRANTEE COMPELLED TO ACCOUNT. Where a debtor has, with fraudulent intent, conveyed his property to a fraudulent transferee, thus preventing a creditor from collecting his debt by ordinary legal methods and the fraudulent grantee has further transferred the

property, he may be compelled in equity to account to a creditor for the proceeds of such property.

4. PLEADING ASSIGNMENT OF JUDGMENT IN A CREDITOR'S ACTION. Where a judgment has been assigned, it is not necessary for the assignee, in a judgment creditor's action, to allege a transfer of the general cause of action set forth in the complaint.

5. PLEADING IN CREDITOR'S ACTION — SUFFICIENCY OF.   It is not sufficient to authorize an action in equity to allege fraudulent intent on the part of a judgment debtor in making a conveyance, if it appears from other allegations of the complaint that such intent has not been consummated by acts which prevent the enforcement by ordinary remedies.

6. PLEADINGS — HOW CONSTRUED ON DEMURRER.   An answer must be construed by reference to the material allegations of the complaint. Where the complaint shows substantial facts rendering necessary a resort to equity, a demurrer will lie to an answer which alleges that "the plaintiff has an adequate and complete remedy at law," but does not allege additional facts showing a resort to equity to be unnecessary.

7. ANSWER — WHEN NOT DEMURRABLE.   A judgment creditor, in an action to set aside a fraudulent conveyance, alleged that execution was returned unsatisfied at a given date, which was a short time before the action was commenced.   Defendant answered that the cause of action alleged in the complaint did not accrue within ten years before the commencement of the action.   Plaintiff demurred to the defense.   *Held*, while plaintiff was compelled to allege issue and return of execution unsatisfied, and his cause of action did not accrue until such return, that time and place were not part of the cause of action, and hence defendant was not bound by his plea of the statute, to the statement of plaintiff as to date of such issue and return, but might show that the cause of action accrued at some other date, and that it was barred; hence the defense was not demurrable.

*Borst* v. *Corey*, 15 N. Y. 505; *Faneuil Hall National Bank* v. *Bussing*, 147 N. Y. 665; *Kain* v. *Larkin*, 141 N. Y. 144, distinguished.

*Holland* v. *Grote*, 125 App. Div. 413, modified.

(Argued September 28, 1908; decided October 23, 1908.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 10, 1908, which affirmed an interlocutory judgment of Special Term sustaining a demurrer to three defenses separately set up in the answer.

The questions certified are whether these defenses, respectively, are sufficient in law on the face thereof.   While the questions so certified do not expressly include, they are

assumed by both parties to involve and present for discussion as a preliminary one the further question whether the complaint states a good cause of action.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William C. Rosenberg* for appellant. A judgment creditor cannot maintain an action to set aside a transfer of real estate as in fraud of creditors when at the time of the transfer he had a lien on that real estate by virtue of his judgment. (*Haak's Appeal,* 100 Penn. St. 59 ; *Armington* v. *Rau,* 100 Penn. St. 165 ; *Stevenson* v. *Donahue,* 40 Ohio St. 184 ; *Pearson* v. *Hudson,* 52 Tex. 352 ; *Crooker* v. *Holmes,* 65 Me. 195 ; *Levi* v. *Morgan,* 33 La. Ann. 532 ; *Powers* v. *Russell,* 13 Pick. 69 ; *Brinkerhoff Co.* v. *Horn,* 83 Mo. App. 114 ; *Royer Wheel Co.* v. *Fielding,* 101 N. Y. 504 ; *Crook* v. *Rindskopf,* 105 N. Y. 476 ; *Haines* v. *Brooks,* 116 N. Y. 487.) The defense that the plaintiff has an adequate remedy at law is sufficient. (*Lough* v. *Outerbridge,* 143 N. Y. 271 ; *Williamsburgh Bank* v. *Town of Solon,* 136 N. Y. 465 ; *B. S. & Co.* v. *D., L. & W. R. R. Co.,* 130 N. Y. 152 ; *Watts* v. *Adler,* 130 N. Y. 646 ; *Ostrander* v. *Weber,* 114 N. Y. 95 ; *Town of Mentz* v. *Cook,* 108 N. Y. 504.) The defense that the cause of action alleged in the complaint did not accrue within ten years from the commencement of the action is sufficient. (*Bell* v. *Yates,* 33 Barb. 626 ; *Budd* v. *Walker,* 29 Hun, 344.)

*Otto B. Schmidt* for respondent. The second alleged defense is insufficient in law because the facts alleged in the complaint and the relief prayed for show that the plaintiff is entitled to equitable relief, and, therefore, the defense that the plaintiff has an adequate remedy at law is demurrable. (*Edmonds* v. *Stern,* 89 App. Div. 539 ; *Olivella* v. *N. Y. & H. R. R. Co.,* 31 Misc. Rep. 203 ; 51 App. Div. 612 ; *Golden* v. *Health Dept.,* 21 App. Div. 420.) The alleged third defense is insufficient and demurrable, because it appears from the face of the complaint that the cause of action is not barred by the Statute of Limitations. (*G. L. Co.* v. *A. W. T. D.*

*Co.,* 44 Misc. Rep. 206; 88 N. Y. Supp. 857; Code Civ. Pro. §§ 1871, 1872; *Weaver* v. *Haviland,* 142 N. Y. 534; *Baker* v. *Potts,* 73 App. Div. 31.) The complaint states a good cause of action in equity for equitable relief, and the defendant's demurrer *ore tenus* thereto is not well taken. (*Kain* v. *Larkin,* 141 N. Y. 144; *Hagen* v. *Walker,* 14 How. Pr. 29; *Burrough* v. *Elton,* 11 Ves. 28.)

HISCOCK, J. This action is one in equity brought by a judgment creditor after execution returned unsatisfied to reach the proceeds of certain real estate alleged to have been transferred without consideration and with fraudulent intent by the defendant Augustus H. Grote to the appellant Ida F. Grote, and afterwards transferred by the latter to a purchaser for value. Amongst other defenses the appellant affirmatively and separately· alleged in effect, *first,* that the complaint did not state facts sufficient to constitute a cause of action; *second,* that the plaintiff had an adequate and complete remedy at law; and, *third,* that the cause of action alleged in the complaint did not accrue within the period prescribed by the Statute of Limitations. The respondent demurred to each of these defenses as insufficient in law upon the face thereof, thus raising the questions presented upon this appeal, and which resolve themselves into the one whether the complaint states a good cause of action on the principle, somewhat informally expressed, that a bad answer is sufficient for a bad complaint, and if this question be answered in the affirmative, then into the ones relating directly to the sufficiency of the answers.

The determination of the first question requires a summary of the material allegations of the complaint. These are to the effect that one Stein, respondent's assignor, September 27, 1888, duly recovered a judgment against the defendant Augustus H. Grote, which on that day was duly docketed in the office of the clerk of the county of New York; that on or about February 13, 1893, said Grote, without any consideration and with intent to hinder, delay, cheat and defraud

his creditors, and especially said Stein, purported to convey to the appellant Ida F. Grote real estate of considerable value situate in the city of New York, by a deed which was recorded February 3, 1895 ; that thereafter and on or about May 8, 1899, said grantee sold and conveyed said premises to a third party for a valuable consideration, and ever since then has had and still has in her possession the proceeds of said sale, amounting to upwards of $20,000 ; that on or about June 7, 1907, an execution was duly issued on said judgment to the sheriff of the proper county and returned unsatisfied ; that said deed was fraudulent, and was kept from record with the intent and for the purpose of misleading and defrauding the judgment creditors of the grantor, and that plaintiff's assignor had no knowledge thereof, " and that knowledge thereof and of the facts as hereinbefore stated has only come to this plaintiff recently, and that said judgment creditors, particularly the said Conrad Stein, were wholly ignorant of the said transfer and conveyance and of the facts hereinbefore set forth until recently ; " that before the commencement of this action the judgment above mentioned was transferred to the plaintiff. And upon these allegations it is prayed that the transfer to the appellant be adjudged fraudulent and void, and that the proceeds realized by her on the sale of the real estate fraudulently transferred to her be applied to the payment and satisfaction of the plaintiff's judgment, with a receiver and injunction if necessary.

If appellant's contention that the complaint does not state facts sufficient to constitute a cause of action were directed against the facts as they existed for ten years after respondent's judgment was recovered I should appreciate its force. The judgment having been recovered and properly docketed before the execution of the alleged fraudulent conveyance, became and for ten years continued a lien on the premises covered by the latter and could be enforced and collected by execution despite any number of transfers. (Code of Civil Procedure section 1251.)

No matter how fraudulent the intent of the grantor may have

been in making a conveyance of his real estate, during the con-
tinuance of the lien as prescribed by the statute, such convey-
ance was utterly ineffectual to prevent the judgment creditor
by ordinary legal processes from collecting his debt and there
was no occasion whatever for application to a court of equity
for aid.   Even if it should be assumed that under such cir-
cumstances there might have been in good faith that issue
and failure to collect in whole or part an execution which
is one of the requisites of a judgment creditor's action, there
still would have been lacking that other essential element
of such an action — a barrier fraudulently erected by the
debtor between his property and his creditor's judgment
whose removal required the assistance of a court of equity.
It does not seem to me that the mere allegation of a fraud-
ulent intent on the part of a judgment debtor in mak-
ing a conveyance is sufficient to sustain a complaint in such
an action as this, if it appears from the other allegations of
the complaint that such intent has not been consummated by
acts which, as a matter of fact, do in the slightest degree
hinder and delay the creditor in the enforcement of his
ordinary remedies.   (*Skinner* v. *Stuart,* 39 Barb. 206.)

The case of *Kain* v. *Larkin* (141 N. Y. 144), which is cited
as authority for the proposition that this would be sufficient,
does not seem to sustain the proposition, for in that case it
appeared that the fraudulent grantor not only intended to hin-
der and delay his creditors but that he actually did so by exe-
cuting his conveyance before recovery of judgment instead of
after its recovery as in the present case.

I am not, however, able to agree with the argument that
because the respondent's judgment was superior to the alleged
fraudulent conveyance for ten years the latter did not, when
this action was commenced, operate as a hindrance and a fraud,
and that the creditor having failed to enforce his judgment
when he might have done so by ordinary process will not be
allowed to appeal to equity now that his lien has expired.   I
am not aware of any principle or authority which prevents a
creditor having a valid judgment from asking a court of equity

to remove a fraudulent conveyance of his debtor which stands as a barrier to the present enforcement of his claim, simply because through ignorance, as is alleged in the present complaint, or for other sufficient reasons he has failed to collect the same by execution proceedings during the limited period allowed for that process.

The general question presented by a judgment creditor's suit is whether at the time of its commencement a fraudulent transfer of the debtor prevents collection of a valid unpaid judgment, and if this is so equity will not refuse relief because the creditor has not been swift enough with other proceedings to prevent the fraudulent intent to withdraw property from becoming consummated.

In my opinion the allegations of the complaint now before us show sufficient cause for equitable relief. While the lien of the judgment on real estate has expired, the judgment still presumptively constitutes a good and valid claim against the grantor. (Code of Civil Procedure, sec. 376.) If the judgment debtor still retained the title to his real estate, the judgment might still be enforced and collected therefrom under the provisions of section 1252 of the Code. (*Evans* v. *Hill*, 18 Hun, 464; *Garczynski* v. *Russell*, 75 Hun, 497.) If he had parted with his real estate and retained the proceeds thereof, there is no question but that collection of the judgment might be enforced by legal methods open to the creditor. (Code of Civil Procedure, sects. 1377, 1378, 2432, etc.) But instead of following either one of these courses, the debtor has with fraudulent intent divested himself of this property and passed it and its proceeds over to a fraudulent transferee by a conveyance which now prevents the creditor from collecting his debt in the ordinary legal methods, and thus the conveyance executed with fraudulent intent, at the time of the commencement of the action operated as an actual and practical barrier and fraud. Under these circumstances it is quite clear that the respondent had a right to appeal to a court of equity as he has done to compel the fraudulent grantee to account for the proceeds of the property which she wrongfully helped to with-

draw from the creditors who were entitled to it. (*Burtus* v. *Tisdall*, 4 Barb. 571; *Lawrence* v. *Bank of Republic*, 31 How. Pr. 502, 505; *Murtha* v. *Curley*, 90 N. Y. 372.)

Although not cited and, therefore, apparently not relied on, the case of *Faneuil Hall National Bank* v. *Bussing* (147 N. Y. 665) has not been overlooked, in which some things are said which might be regarded as opposed to the views which have been herein expressed. In that case judgment was recovered and docketed and a receiver in supplementary proceedings appointed in New York county and the order appointing the receiver was filed and recorded in Westchester county, where the judgment debtor owned some real estate. This real estate was subsequently sold to a third party, who remained in possession for ten years, when, about eighteen years having elapsed since the entry of the judgment, an order was made requiring the receiver in supplementary proceedings to sell the right, title and interest of the judgment debtor.

It was held that the docket of the judgment and the supmentary proceedings instituted in New York county, and the filing of the order appointing the receiver in Westchester county, where the judgment had not been docketed, were ineffectual to vest in the receiver any interest whatever in the Westchester real estate. It also appeared, as already stated, that the period for the operation of the lien of a judgment had long since expired, and these considerations fully disposed of all the questions before the court. This being so, the court in addition did say : " The judgment creditors had, for ten years from the filing of the judgment rolls, an ample remedy at law against this property which they failed to invoke, and if they were damaged by the conveyance of the executrix of the judgment debtor to Valentine during that period, it was due to their failure to at once docket the judgments in Westchester county and proceed to sale thereunder. Having suffered their remedy at law to lapse, all equitable remedies are also cut off. (*Borst* v. *Corey*, 15 N. Y. 505.)"

The case of *Borst* v. *Corey*, thus cited, simply held that where the Statute of Limitations barred an action at law to

recover a balance of indebtedness due on the purchase price of land, a creditor would not be permitted to avoid the statute by seeking relief in the form of an equitable action to enforce a lien for the indebtedness.

I do not think that these cases, when interpreted in the light of the questions presented to the court, are authorities against the right of the respondent to maintain this action on the facts which are alleged.

It is suggested as a minor question that the allegation of the mere transfer to respondent of the judgment recovered by his assignor is not sufficient and that there should have been broader allegations of a transfer of the general cause of action claimed to be set forth in the complaint. This contention does not seem to be well founded. (*Strange* v. *Longley*, 3 Barb. Ch. 650 ; *Gleason* v. *Gage*, 7 Paige, 121.)

The conclusion that the complaint sufficiently sets forth a cause of action brings us directly to a consideration of the sufficiency of the various defenses which have been subjected to demurrer.

No argument seems necessary to show that the first of these, "that the complaint does not state facts sufficient to constitute a cause of action," is not a good or sufficient answer.

The second defense, " that the plaintiff has an adequate and complete remedy at law," likewise is insufficient. In the absence of other allegations this answer must be construed and interpreted by reference to the material allegations of the complaint as they stand. It does not allege any additional facts showing that an adequate remedy at law does exist, but simply asserts that on the complaint as framed such remedy does exist. An inspection of the complaint shows that on the material and substantial facts as there alleged the plaintiff must necessarily resort to equity and cannot secure sufficient relief elsewhere ; unless he completely changes his cause of action he must seek equitable relief.

The third defense presents a closer question than the others, but in my opinion it is sufficient on its face. It alleges that the cause of action " alleged in the complaint " did not

accrue within ten years before the commencement of the action. Under ordinary circumstances and except for one reason next to be mentioned, it is conceded, or at least perfectly clear, that this form of answer would be sufficient. (Code of Civ. Pro., section 413; *Bell* v. *Yates,* 33 Barb. 627; *Sands* v. *St. John,* 36 Barb. 628; *Budd* v. *Walker,* 29 Hun, 344.) It is urged as a special reason for holding the answer insufficient in this case that it alleges that the particular cause of action "alleged in the complaint" is barred, and that inasmuch as it was necessary for the plaintiff to allege that an execution had been issued and returned until which time the cause of action did not accrue, and inasmuch as it is specifically alleged that this act did not take place until a short time before the action was commenced, the complaint shows on its face that the cause of action therein alleged had not become barred and, therefore, the defense is insufficient.

It seems to me that this argument is not well founded. It is true that the plaintiff was compelled to allege an issue of execution and failure to collect in whole or part and that his cause of action did not accrue until that took place. It was not, however, necessary to a sufficient statement of his cause of action that he should allege the specific date on which this occurred. While good pleading might dictate a statement of the time, it is settled that time and place are not parts of the cause of action and that for a failure to state them the pleading would not be subject to demurrer, but only to a motion to make more definite and certain. On the trial the defendant would be at liberty to show that the date stated in the complaint was not the one on which the execution was issued and returned. This being so the defendant is not bound by his plea of the Statute of Limitations as to an admission that the execution was issued and that plaintiff's cause of action indisputably accrued on the date which was unnecessarily pleaded, but he may show as a matter of fact that an execution was issued and that plaintiff's cause of action did accrue at some other date and that it is barred by the statute.

These conclusions lead to answering the first two questions

certified to us in the negative, and the last one in the affirmative, and lead to a modification of the order of the Appellate Division so as to affirm the interlocutory judgment in sustaining plaintiff's demurrers to the first two defenses and to reverse said judgment in so far as it sustains plaintiff's demurrer to the third defense set up in said answer, with leave to plaintiff to withdraw demurrer to third defense within twenty days, without costs to either party in any court.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Ordered accordingly.